541 P.2d 917

**PARIS–PHOENIX CORPORATION, an Arizona Corporation, Appellant,**

v.

**Dwain ESPER, International Police and Detective Agency, and Bill McKey, dba International Police, Appellees.**

**No. 12017.**

Supreme Court of Arizona, In Division.

Oct. 30, 1975.

Rehearing Denied Dec. 2, 1975.

DePrima, Aranda & de Leon, by James A. Ullman, Armando de Leon, and John R. Baker, Phoenix, for appellant.

Hughes & Hughes, P. C., by Coit I. Hughes, Phoenix, for appellees.

HAYS, Justice.

This is an appeal from a judgment of the Superior Court in favor of defendants/appellees, and the denial of plaintiff/appellant's motion for a new trial. This court has jurisdiction pursuant to Rule 47(e)(5), Rules of the Supreme Court.

Plaintiff was the sublessee of certain premises owned by defendant Dwain Esper. On or about November 20, 1972, plaintiff was evicted and thereafter commenced the present action for wrongful termination of the lease, requesting among other things a preliminary injunction and damages, including punitive damages. After a hearing on the application for a preliminary injunction, the court consolidated the hearing with the trial on the merits pursuant to Rule 65(a)(2), Rules of Civil Procedure. Thereafter, plaintiff filed a request for a jury trial. The court subsequently entered a judgment for defendant.

Plaintiff argues that it was denied its constitutional right to a trial by jury. We agree.

The lower court consolidated the hearing for a preliminary injunction with a trial on

the merits in a written memorandum opinion and order dated December 7, 1972. It appears from the record that at no time prior to or during the hearing were the parties made aware that final relief was to be granted.

The Arizona Constitution guarantees the right to a trial by jury. Ariz.Const. art. 2, § 23. This guarantee is echoed by Rule 65(a)(2), Rules of Civil Procedure, which requires the consolidation to be accomplished in such a manner "as to save to the parties any right they may have to trial by jury."

The consolidation of a hearing for a preliminary injunction with a trial on the merits pursuant to Rule 65(a)(2), Rules of Civil Procedure, without notifying the parties of the consolidation before or during the hearing, denies them the opportunity to make a proper demand for a trial by jury. The question of notice has been answered in the federal courts where an identical federal rule, Rule 65(a)(2), Federal Rules of Civil Procedure, was construed to impose upon the trial court "a requirement that the court inform the parties 'before or after the commencement of the hearing' that such action [consolidation] is contemplated." *TMT Trailer Ferry v. Union de Tronquistas de Puerto Rico Local 901*, 453 F.2d 1171 (1st Cir. 1971); *see also Puerto Rican Farm Workers v. Eatmon*, 427 F.2d 210 (5th Cir. 1970); *Nationwide Amusements, Inc. v. Nattin*, 452 F.2d 651 (4th Cir. 1971); *Capital City Gas Co. v. Phillips Petroleum Co.*, 373 F.2d 128 (2d Cir. 1967); *Brooks v. Nacrelli*, 415 F.2d 272 (3d Cir. 1969). We construe Rule 65(a)(2), Rules of Civil Procedure, to require the same notice. Notice of consolidation before or during the hearing is necessary in order to allow the parties to of-

fer further testimony and to allow an opportunity to make a proper demand for a jury trial.

We have considered the entire record, and in light of our review, we instruct the Superior Court to schedule a jury trial upon the merits of all issues at the earliest possible date.*

Judgment of the Superior Court is vacated in its entirety. Remanded for proceedings not inconsistent with the above opinion.

HOLOHAN, J., and GARY K. NELSON, Court of Appeals, Judge, concurs.

Note: GARY K. NELSON, Judge, Court of Appeals, Division One, was called to sit in this matter.

---

* "Since an application for a preliminary injunction may be made in an action in which, with respect to all or part of the merits, there is a right to trial by jury, it is appropriate to add the caution appearing in the last sentence of the subdivision. In such a case the jury will have to hear all the evidence bearing on its verdict, even if some part of the evidence has already been heard by the judge alone on the application for the preliminary injunction." Notes of Advisory Committee on Rules, 1966 amendment, Title 28 U.S.C.A., Rule 65, F.R.Civ.P., subdivision (a)(2).