860 P.2d 1328

Constance J. POWELL–CERKONEY, a married woman dealing with her sole and separate property; Rita Eggleston, a married woman dealing with her sole and separate property, Plaintiffs–Appellees,

v.

TCR–MONTANA RANCH JOINT VENTURE, II and Trammell Crow Homes, Arizona Inc., Defendants–Appellants.

No. 1 CA–CV 91–0214.

Court of Appeals of Arizona, Division 1, Department D.

Aug. 31, 1993.

Rawlins Burrus Lewkowitz & Feinstein, P.C. by Allen L. Feinstein, Vista Thompson Brown, John C. Kelly, Phoenix, for plaintiffs-appellees.

Brown & Bain, P.A. by Robert C. Houser, Douglas Gerlach, Phoenix, for defendants-appellants.

## OPINION

RUTH V. McGREGOR, Presiding Judge.

In this appeal, we hold that a trial judge's legal conclusions underlying an order denying an application for a preliminary injunction do not operate as law of the case to prevent another trial court judge who later considers a motion for summary judgment from conducting an independent legal analysis of the issues.

### I.

Several owners (the owners) of homes or lots in Montana Ranch, a Scottsdale, Arizona subdivision, filed a declaratory judgment action to enjoin TCR–Montana Ranch Joint Venture, II and Trammell Crow Homes Arizona, Inc. (TCR) from amending the Declaration of Covenants, Conditions and Restrictions (CC & Rs) for the subdivision. The owners asserted that they had purchased their property in reliance on the CC & Rs in addition to written and oral representations that the subdivision would consist solely of custom-built homes. They alleged that TCR, the successor to the rights of the original developer, had amended the CC & Rs to permit construction of non-custom homes. The owners sought to enjoin TCR from building homes that did not conform to the original CC & Rs and asked the court to declare void TCR's amendments to the CC & Rs.

TCR moved to dismiss or, in the alternative, for summary judgment and also asked the court to deny the owners' application for preliminary injunction against further construction. TCR argued that the owners failed to join indispensable parties, that the original and amended CC & Rs permitted TCR's construction activities, that the balancing of hardships favored TCR and that the doctrine of laches barred the owners' request for preliminary injunction. The Honorable Paul A. Katz conducted an evidentiary hearing considering only the owners' preliminary injunction request. Judge Katz denied the request and set forth extensive findings in support of his ruling, including his conclusions that the relevant CC & Rs were unambiguous and could not be modified by parol evidence and that TCR had authority to amend the CC & Rs. The owners did not appeal from that order. Judge Katz did not rule on TCR's motion for summary judgment.

The case was later transferred to the Honorable Colin F. Campbell, who considered TCR's motion for summary judgment. Judge Campbell initially granted the motion, stating:

> Judge Katz did not grant summary judgment because it was only before him on the application for preliminary injunction. But he did everything but. I mean, he's interpreted the CC & Rs as a matter of law. He's ruled against the plaintiffs on all of their claims on legal grounds. I can't revisit those. My hands are tied. I don't sit as a horizontal court of appeals.

The owners then moved for a new trial, arguing that Judge Katz's rulings did not bind Judge Campbell and that Judge Campbell should independently review the record in considering TCR's motion. Judge Campbell granted the motion for new trial, stating his reasons as follows:

> The Court granted the Summary Judgment Motion on the grounds that the Court was bound by certain legal rulings made by Judge Katz regarding the parol evidence rule and the legal interpretation of the contractual documents....
>
> If Judge Katz has made a legal determination about the applicability of the

parol evidence rule in this case, then the Court believes that it is bound by Judge Katz's decision, whether the Court agrees with the decision or not. On the other hand, if Judge Katz's prior Order is explaining his thought processes in denying the request for a preliminary injunction, then this Court is not bound by Judge Katz's thought processes regarding parol evidence in the context of a preliminary injunction hearing.

Upon reconsidering this matter in the light of the new cases brought forth by Plaintiffs, the Court believes it committed error in ruling that it was bound by Judge Katz's prior decision. Upon reconsideration, the Court concludes the prior Order reflects simply the reasoning of the Court in denying an injunction rather than case dispositive rulings. Plaintiffs are entitled to this Court's de novo review of the record on the Summary Judgment Motions. If questions of fact for a jury are present, the Court understands that Plaintiffs wish to amend their complaint to seek damages....

TCR filed this appeal from the order granting a new trial. This court has jurisdiction pursuant to Ariz.Rev.Stat.Ann. §§ 12–120.21 and –2101.

## II.

■ This court will uphold an order granting a new trial unless the trial court clearly abused its discretion. *Tempe Corporate Office Bldg. v. Arizona Funding Services, Inc.,* 167 Ariz. 394, 398, 807 P.2d 1130, 1134 (App.1991). TCR argues that Judge Campbell abused his discretion by granting a new trial because his decision, made without benefit of any new evidence or new legal arguments, failed to treat Judge Katz's legal conclusions as law of the case and effectively permitted a horizontal appeal.

### A.

■ The doctrine referred to as "law of the case" describes the judicial policy of refusing to reopen questions previously decided in the same case by the same court or a higher appellate court. *A & A Concrete, Inc. v. White Mountain Apache Tribe,* 781 F.2d 1411, 1418 (9th Cir.), *cert. denied,* 476 U.S. 1117, 106 S.Ct. 2008, 90 L.Ed.2d 659 (1986); *Dancing Sunshines Lounge v. Indus. Comm'n,* 149 Ariz. 480, 482, 720 P.2d 81, 83 (1986). As one commentator has noted, however, courts commonly use the single label "law of the case" to describe a doctrine applied to distinct sets of problems. In some instances, courts use the label to refer to the fundamental obligation of every court to follow the rulings of a higher court. In others, courts use the label in connection with the desire of a single court to adhere to its own prior rulings. 18 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 4478 (1981) [hereinafter FEDERAL PRACTICE AND PROCEDURE]; *see also* 1B JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 0.404[1] (2d ed. 1993) [hereinafter MOORE'S]. Unfortunately, our decisions do not always adequately distinguish between the two situations or take into account the differing considerations raised by these distinctive applications of the doctrine.

■ When, as in this case, we apply the doctrine to decisions of the same court, we treat law of the case as a procedural doctrine rather than as a substantive limitation on the court's power. *See North Star Dev. Corp. v. Wolfswinkel,* 146 Ariz. 406, 410, 706 P.2d 732, 736 (App.1985); *Love v. Farmers Ins. Group,* 121 Ariz. 71, 73, 588 P.2d 364, 366 (App.1978). In this setting, the doctrine promotes an orderly process leading to an end to litigation. *State v. Maxwell,* 19 Ariz.App. 431, 435, 508 P.2d 96, 100 (1973).

■ The policy against horizontal appeals, which TCR asserts Judge Campbell violated, forms part of the general concept of law of the case as applied to decisions of the same court. *See* MOORE'S, *supra,* at ¶ 0.4.4[4.–2]. A party seeks a "horizontal appeal" when it requests a second trial

judge to reconsider the decision of the first trial judge in the same matter, even though no new circumstances have arisen in the interim and no other reason justifies reconsideration. *Hibbs v. Calcot, Ltd.*, 166 Ariz. 210, 214, 801 P.2d 445, 449 (App.1990). We criticize horizontal appeals because they waste judicial resources by asking two judges to consider identical motions and because they encourage "judge shopping." *Id.; see Chanay v. Chittenden*, 115 Ariz. 32, 34, 563 P.2d 287, 289 (1977); *Mozes v. Daru*, 4 Ariz.App. 385, 389, 420 P.2d 957, 961 (1967).

■■■ Prior decisions have established, however, that courts must not afford this procedural doctrine undue emphasis. Because of the potentially harsh nature of the doctrine, we will not apply it if doing so would result in a "manifestly unjust decision." *Sibley v. Jeffreys*, 81 Ariz. 272, 276, 305 P.2d 427, 429 (1956) (citation omitted). Similarly, reliance upon law of the case does not justify a court's refusal to reconsider a ruling when an error in the first decision renders it manifestly erroneous or unjust or when a substantial change occurs in essential facts or issues, in evidence, or in the applicable law. *Dancing Sunshines Lounge*, 149 Ariz. at 483, 720 P.2d at 84. Additionally, we will not apply law of the case if the prior decision did not actually decide the issue in question, if the prior decision is ambiguous, or if the prior decision does not address the merits. *Id.* If these or comparable circumstances appear, sufficient reason exists for reconsideration, and a second judge does not abuse his discretion by agreeing to reconsider an earlier decision. *Union Rock & Materials Corp. v. Scottsdale Conference Ctr.*, 139 Ariz. 268, 273, 678 P.2d 453, 458 (App. 1983); *Union Constr. Co. v. Beneficial Standard Mortgage Investors*, 125 Ariz. 433, 434, 610 P.2d 67, 68 (App.1980).

**B.**

The issue before us is whether Judge Campbell's decision to conduct a de novo review of the questions of law resolved by Judge Katz during the preliminary injunction proceedings so clearly violated the policy against horizontal appeals as to constitute an abuse of discretion. We conclude it did not.

**1.**

Decisions from other jurisdictions consistently hold that findings of fact and conclusions of law made in granting or denying a request for preliminary injunction do not constitute law of the case for purposes of trial or a motion for summary judgment on the merits. *E.g., University of Texas v. Camenisch*, 451 U.S. 390, 395, 101 S.Ct. 1830, 1834, 68 L.Ed.2d 175 (1981); *Wilcox v. United States*, 888 F.2d 1111, 1113–114 (6th Cir.1989); *Communications Maintenance, Inc. v. Motorola, Inc.*, 761 F.2d 1202, 1206 (7th Cir.1985); *Governor's Ranch Professional Ctr., Ltd. v. Mercy of Colorado, Inc.*, 793 P.2d 648, 650–51 (Colo. App.1990); see FEDERAL PRACTICE AND PROCEDURE, *supra*, § 4478 at 798 ("Rulings that simply deny extraordinary relief for want of a clear and strong showing on the merits, *or are avowedly preliminary or tentative*, do not trigger law of the case consequences.") (emphasis added).

This court adopted the same general rule in *State v. Neil*, 4 Ariz.App. 258, 419 P.2d 388 (1966), *vacated on other grounds*, 102 Ariz. 110, 425 P.2d 842 (1967), stating:

> "The granting or refusal of a temporary injunction does not constitute the law of the case or an adjudication on the merits, and the issues must be tried to the same extent as though no temporary injunction had been applied for."

*Id.* at 261, 419 P.2d at 391 (quoting *Walker Memorial Baptist Church v. Saunders*, 285 N.Y. 462, 35 N.E.2d 42, 47 (1941)) (footnote omitted).

TCR acknowledges this general rule but argues that the rule applies only when the factual record at the preliminary injunction stage is incomplete. TCR points out that

the owners presented the same evidence and made the same arguments to Judge Campbell in opposing TCR's motion for summary judgment as they presented to Judge Katz in requesting the preliminary injunction. TCR urges this court to hold that when different trial judges consider the same factual record during a preliminary injunction proceeding and a motion for summary judgment, the legal conclusions by the judge who rules on the preliminary injunction serve as law of the case in subsequent summary judgment proceedings.[1] We decline to do so.

### 2.

■ A number of important concerns motivate our holding that legal conclusions reached at the preliminary injunction phase of litigation do not constitute law of the case. One basic reason lies in the difference in the nature of preliminary injunction and summary judgment proceedings.

■ A party seeking a preliminary injunction must establish four traditional equitable criteria: (1) a strong likelihood of success on the merits; (2) the possibility of irreparable injury not remediable by damages; (3) a balance of hardships in that party's favor; and (4) public policy favoring the requested relief. *Shoen v. Shoen*, 167 Ariz. 58, 63, 804 P.2d 787, 792 (App. 1990). In contrast, a court ruling on a motion for summary judgment must decide an entirely distinct issue: does the record establish that no genuine issue of material fact exists and that the moving party is entitled to judgment on the merits as a matter of law? *Orme School v. Reeves*, 166 Ariz. 301, 305, 802 P.2d 1000, 1004 (1990). The party requesting a preliminary injunction assumes a lesser burden of proof to show probable success on the merits

than does a party moving for summary judgment, who must establish entitlement to final judgment on the merits. *See United States v. Local 560 (I.B.T.)*, 974 F.2d 315, 330 (3d Cir.1992); *Wilcox*, 888 F.2d at 1114. The legal standard against which the trial judge measures the evidentiary showing thus varies substantially. The judges presiding over the two proceedings therefore are not asked to consider identical issues.

Another concern arises from the interlocutory nature of preliminary injunction proceedings as compared to those for summary judgment. *Local 560 (I.B.T.)*, 974 F.2d at 330 (interlocutory nature of preliminary injunction order makes it only a prediction about the merits); *Communications Maintenance, Inc.*, 761 F.2d at 1205; *Hamilton Watch Co. v. Benrus Watch Co.*, 206 F.2d 738, 742 (2d Cir.1953) (a "judge's legal conclusions, like his fact-findings, are subject to change after a full hearing and the opportunity for more mature deliberation"). The trial court often must quickly make a decision concerning the merits in the preliminary injunction phase of litigation, *Wilcox*, 888 F.2d at 1113–114; *Communications Maintenance, Inc.*, 761 F.2d at 1205, and in doing so focuses primarily on balancing the four equitable criteria previously discussed. In contrast, the court may consider a motion for summary judgment without facing the time pressure and need for haste typically involved in reaching a preliminary decision affecting the immediate status of the parties.[2]

■ Finally, affording law of the case effect to legal conclusions reached in preliminary injunction proceedings effectively avoids the restrictions of Rule 65(a), Arizona Rules of Civil Procedure. Under Rule

---

**1.** TCR does not argue that Judge Katz's factual findings are similarly binding.

**2.** The need to account for changes in the record that occur between the preliminary injunction stage and the time for final disposition often provides an additional reason that findings of

preliminary injunction proceedings do not constitute law of the case. *Governor's Ranch Professional Ctr., Ltd.*, 793 P.2d at 651; *Communications Maintenance, Inc.*, 761 F.2d at 1205. That factor does not affect our decision in this case.

65(a), the trial court may not reach a final decision on the merits in a preliminary injunction hearing unless the hearing has been properly consolidated with a trial on the merits. *See Paris–Phoenix Corp. v. Esper,* 112 Ariz. 320, 321, 541 P.2d 917, 918 (1975); *Mayo v. Lakeland Highlands Canning Co.,* 309 U.S. 310, 60 S.Ct. 517, 84 L.Ed. 774 (1940) (trial court erred in addressing constitutionality of statute in preliminary injunction ruling); *Industrial Bank of Washington v. Tobriner,* 405 F.2d 1321, 1324 (D.C.Cir.1968) (the district court's findings and conclusions in a preliminary injunction hearing "should not be regarded as binding" on the final disposition of questions of law and fact in further trial court proceedings); *Seagram–Distillers Corp. v. New Cut Rate Liquors, Inc.,* 221 F.2d 815, 820 (7th Cir.), *cert. denied,* 350 U.S. 828, 76 S.Ct. 59, 100 L.Ed. 740 (1955) (constitutional issues should be determined at a final hearing on the merits, not in the context of a preliminary injunction).

### 3.

This case falls squarely within the reasoning that prevents preliminary injunction rulings from serving as law of the case during subsequent summary judgment proceedings. Although the parties' legal arguments concerning contract interpretation did not change from the preliminary injunction phase of the litigation to the motion for summary judgment, the context in which the parties presented their arguments had changed.

First, the parties did not consolidate the preliminary injunction hearing with a trial on the merits. Judge Katz therefore lacked authority to reach a final decision on the merits at the preliminary injunction phase. *See Paris–Phoenix Corp.,* 112 Ariz. at 321, 541 P.2d at 918.

Second, in ruling on the summary judgment motion, Judge Campbell did not face the same time constraints confronting Judge Katz when deciding whether to grant the owners' request for preliminary injunction. *See Wilcox,* 888 F.2d at 1113–114. Moreover, the applicable burden of proof differed between the two proceedings. At the preliminary injunction hearing, the *owners* had to establish the "likelihood of prevailing on the merits." To obtain summary judgment, *TCR* had to establish that no disputed issues of material fact existed and that it should prevail on the merits as a matter of law.

Judge Campbell therefore properly treated Judge Katz's findings of fact and conclusions of law only as the basis for the order denying extraordinary interlocutory relief and not as law of the case with respect to the merits of the action.

### III.

For the foregoing reasons, we hold that Judge Campbell did not abuse his discretion and affirm his order granting the motion for a new trial. Because we affirm the order granting a new trial, we do not reach the parties' arguments concerning the merits of the earlier order granting summary judgment in favor of TCR.

We remand this matter to the superior court for proceedings in accordance with this opinion.

GRANT and WEISBERG, JJ., concur.