NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

SECURITY PEST & TERMITE SYSTEMS OF SOUTHERN ARIZONA,
INC., an Arizona corporation, d/b/a YUMA PEST & TERMITE
SYSTEMS,
*Plaintiff/Appellant-Cross Appellee,*

*v.*

MATTHEW CURTIS REYELTS and AUDRA TILLMAN REYELTS,
husband and wife; YUMA PEST PROTECTION, L.L.C., an Arizona
limited liability company, d/b/a BUG WARRIOR; LARRY REYELTS;
CARLOS SANTOS and MINDI LEE SANTOS, husband and wife;
BOBBY ESPERANZA and LAURA ESPERANZA, husband and wife;
RONALD A. MARTIN and STEPHANIE MARTIN, husband and wife;
RAM PEST MANAGEMENT, L.L.C., an Arizona limited liability company
*Defendants/Appellees-Cross Appellants.*

No. 1 CA-CV 14-0237

FILED 5-14-2015

Appeal from the Superior Court in Yuma County
No. S1400CV201200654
The Honorable David M. Haws, Judge

**AFFIRMED**

COUNSEL

Don B. Engler, PC, Yuma
By Don B. Engler
*Co-Counsel for Plaintiff/Appellant-Cross Appellee*

Lewis Roca Rothgerber, LLP, Phoenix
Susan M. Freeman
*Co-Counsel for Plaintiff/Appellant-Cross Appellee*

Schneider & Onofry, PC, Yuma
By Charles D. Onofry, Luane Rosen
*Counsel for Defendants/Appellees-Cross Appellants*

---

## MEMORANDUM DECISION

Chief Judge Diane M. Johnsen delivered the decision of the Court, in which Acting Presiding Judge Samuel A. Thumma and Judge Donn Kessler joined.

---

**J O H N S E N**, Judge:

**¶1**   Security Pest & Termite Systems of Southern Arizona, Inc. ("Yuma Pest") appeals the order denying its request for a preliminary injunction. For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**   Yuma Pest provides pest control services in Yuma. Matt Reyelts owned 20 percent of the company and worked as its general manager. His wife, Audra Tillman Reyelts, was the office manager, and his sister, Mindi Lee Santos, the business manager.

**¶3**   A fallout between the owners of Yuma Pest led Matt to want to resign. He proposed a buyout deal, but Yuma Pest did not accept it and threatened to take legal action. Eventually the parties agreed to settle their dispute. Pursuant to the settlement agreement, as relevant here, Matt relinquished his ownership interest in Yuma Pest, released Yuma Pest of any claims he had against it and signed a two-year non-competition agreement. Audra and Mindi also signed similar non-competition agreements.

**¶4**   The non-competition agreements prohibited Matt, Audra and Mindi from working in the pest control business within a 50-mile radius of the Yuma Pest headquarters for a period of two years. The agreements contained non-solicitation and non-competition provisions, which each recited that the agreed-upon two-year period "shall be tolled while I am in breach hereof." The agreements also provided that, in the event of a breach,

2

Yuma Pest "shall have the right to seek injunctive relief in addition to any other remedy available to it."

¶5        Five months after the agreements were signed, Ron Martin formed a pest control company, RAM Pest Management, LLC, based in Yuma. Within two months after that, Audra and Mindi began working for RAM Pest. Eventually Larry Reyelts (Matt's father) and Bobby Esperanza left their positions at Yuma Pest and joined RAM Pest. Matt then began operating a company in Yuma known as Bug Warrior, which provided education and training services related to pest control.

¶6        In June 2012, a year after the launch of RAM Pest, Yuma Pest sued RAM Pest, Bug Warrior, Matt, Audra, Mindi, Larry, Martin and Esperanza.[1] Among other things, Yuma Pest alleged violations of the non-competition agreements and sought damages and injunctive relief. Yuma Pest requested a preliminary injunction that would (1) compel Matt and Ron Martin to divest themselves of any interest in Bug Warrior; (2) prohibit Larry Reyelts and Bobby Esperanza from disclosing or using any proprietary information during their employment at RAM Pest; and (3) prevent Matt, Audra and Mindi from working within the pest control business in accordance with the non-competition agreements.

¶7        In September 2013, more than a year after Yuma Pest filed its complaint, a hearing commenced on its request for a preliminary injunction. The court took three days of evidence, then granted Yuma Pest's request to continue the proceeding. After two more days of evidence and oral argument, on February 25, 2014, the court denied the request for a preliminary injunction. By that time, more than three years had passed since the parties had signed the non-competition agreements. Yuma Pest timely appealed and RAM Pest cross-appealed. We have jurisdiction pursuant to Arizona Revised Statutes section 12-2101(A)(5) (2015).[2]

---

[1]       The complaint also named the spouses of the individual defendants and other unknown individuals, partnerships and corporations. Except where otherwise noted, the defendants are referred to collectively as RAM Pest.

[2]       Absent material revision after the date of the events at issue, we cite a statute's current version.

**DISCUSSION**

**¶8**         This court reviews the denial of a preliminary injunction for an abuse of discretion. *Valley Med. Specialists v. Farber*, 194 Ariz. 363, 366, ¶ 9 (1999). We accept the superior court's factual findings "unless they are clearly erroneous or not supported by any credible evidence." *Phoenix Elementary Sch. Dist. No. 1 v. Green*, 189 Ariz. 476, 478 (App. 1997).

**¶9**         The superior court may grant a preliminary injunction if the movant establishes a strong likelihood of success on the merits, the possibility of irreparable injury without the requested relief, a balance of hardships favoring the movant, and public policy favoring the injunction. *Ariz. Ass'n of Providers for Persons with Disabilities v. State*, 223 Ariz. 6, 12, ¶ 12 (App. 2009). The superior court may apply a "sliding scale" when evaluating these criteria, meaning a preliminary injunction may issue if the movant establishes either (1) probable success on the merits and the possibility of irreparable injury or (2) the presence of serious questions going to the merits and that the balance of hardships tips sharply in its favor. *See id.* at 12, ¶¶ 12-13.

**¶10**         These principles generally do not allow the court to grant a preliminary injunction without some showing of a possibility of irreparable injury. Irreparable injury means "harm not remediable by damages." *Shoen v. Shoen*, 167 Ariz. 58, 63 (App. 1990). An award of monetary damages generally is an adequate remedy when damages are calculable and "address the full harm suffered." *IB Prop. Holdings, LLC v. Rancho Del Mar Apartments Ltd. P'ship*, 228 Ariz. 61, 73, ¶¶ 10-11 (App. 2011).

**¶11**         Here the superior court found Yuma Pest had an adequate remedy at law and had "failed to show that irreparable harm will occur if the requested injunctive relief is not granted." It reasoned that more than three years had passed since the defendants signed the non-competition agreements and that "if Defendants were involved in any inappropriate solicitation of Yuma Pest customers such solicitations would have already occurred." The court also found that Yuma Pest's "revenues are the same or higher level than they were at the time the Settlement Agreement and Non-Competition Agreements were signed."

**¶12**         The record supports the superior court's findings. While Yuma Pest's general manager testified its customers canceled at three times its normal rate during the nine months following RAM Pest's entry into the market, and that nearly 90 percent of those cancelations were due to competition from RAM Pest, he confirmed he could calculate those

damages with reasonable certainty and would be able to do so at trial. Given that, and because Yuma Pest did not allege any other type of non-compensable harm, the court acted within its discretion in denying the preliminary injunction. *See IB Prop. Holdings*, 228 Ariz. at 73, ¶¶ 10-11. While the damages testimony by itself provided a basis for denying the preliminary injunction, the delay by Yuma Pest in bringing the lawsuit further supported the order. *See Ahwatukee Custom Estates Mgmt. Ass'n, Inc. v. Turner*, 196 Ariz. 631, 635, ¶ 9 (App. 2000) (an injunction is an equitable remedy and the court may consider any "delay on the part of the plaintiff" in seeking injunctive relief).

¶13 Yuma Pest argues the superior court erred because it ignored the provisions in the non-competition agreements that authorized injunctive relief. Contrary to Yuma Pest's argument, the court expressly recognized that the non-competition agreements "included clauses that allow injunctive relief for breaches of those agreements." As the superior court concluded, however, the provisions on which Yuma Pest relies do not require entry of injunctive relief; they merely allow such relief when the court, exercising its discretion, deems it appropriate.

¶14 Yuma Pest also contends the court erred by impliedly requiring evidence that the company was in danger of going out of business. While the court made findings concerning the stability of Yuma Pest's business, these findings merely supported its conclusion that Yuma Pest failed to show a possibility of irreparable harm. The basis of its decision was not that Yuma Pest had not been harmed, but that its alleged injury could be remedied by damages at trial. Therefore, the court applied the correct standard. *See Ariz. Ass'n of Providers for Persons with Disabilities*, 223 Ariz. at 12, ¶ 12.

¶15 Yuma Pest further argues the court's finding of an adequate legal remedy was "unsupported." As noted above, the evidence fully supported the court's finding that an adequate legal remedy was available to Yuma Pest. To the extent Yuma Pest attacks the adequacy of the court's findings, its argument fails because the findings are "comprehensive enough to provide a basis for the decision." *Gilliland v. Rodriguez*, 77 Ariz. 163, 167 (1954); *see Miller v. Bd. of Supervisors of Pinal County*, 175 Ariz. 296, 299 (1993) (findings are adequate "if they are sufficiently specific to allow an appellate court to test the validity of the judgment") (quotation omitted).

¶16 Finally, citing *Overholt Crop Ins. Serv. Co. v. Travis*, 941 F.2d 1361 (8th Cir. 1991), Yuma Pest contends damages may not constitute an adequate remedy for a party suing for breach of a non-competition

agreement. In *Overholt*, the court upheld an injunction enforcing certain restrictive covenants. *Id.* at 1366-68, 1371-72. The court reasoned that irreparable harm could be inferred because estimating the plaintiff's future losses would be "practically impossible." *Id.* at 1371. But by contrast to *Overholt*, the superior court here heard evidence that Yuma Pest's damages could be calculated with reasonable certainty. Accordingly, the court did not abuse its discretion in concluding that damages provided an adequate legal remedy. *See IB Prop. Holdings*, 228 Ariz. at 73, ¶ 10.

**¶17**      In its cross-appeal, RAM Pest asks that we clarify the effect of the language in the order denying the preliminary injunction, in particular, the effect of the findings concerning the enforceability of the parties' agreements and the breach thereof. Because the superior court did not consolidate the preliminary injunction hearing with a trial on the merits, the findings it made in its order, including that Yuma Pest had an adequate legal remedy and failed to show irreparable harm, are not binding at trial. *See* Ariz. R. Civ. P. 65(a); *Powell-Cerkoney v. TCR-Montana Ranch Joint Venture, II*, 176 Ariz. 275, 280-81 (App. 1993) ("Under Rule 65(a), the trial court may not reach a final decision on the merits in a preliminary injunction hearing unless the hearing has been properly consolidated with a trial on the merits."). Consequently, at trial the parties may present additional evidence and argument on these issues. *See Powell-Cerkoney*, 176 Ariz. at 280 ("legal conclusions reached at the preliminary injunction phase of litigation do not constitute law of the case"). For this reason, and because the superior court did not abuse its discretion in denying the preliminary injunction based on its finding that Yuma Pest had an adequate legal remedy, we need not address the other arguments the parties make on appeal.

**CONCLUSION**

**¶18** For the foregoing reasons, we affirm the order denying Yuma Pest's request for a preliminary injunction. As the prevailing party, RAM Pest is entitled to its costs of appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21. Given the procedural posture of the case, we decline to award either party its attorney's fees; the parties may seek their fees on appeal from the superior court at the end of the proceedings.



Ruth A. Willingham · Clerk of the Court
FILED: ama