NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JAIME L. SHURTS, *Petitioner/Appellant*,

*v.*

THE HONORABLE SUSAN SLASOR, Magistrate Judge of the
FLAGSTAFF MUNICIPAL COURT, in and for the County of
COCONINO, *Respondent Judge/Appellee*,

STATE OF ARIZONA ex rel. MICHELLE D'ANDREA, the Flagstaff City
Attorney, *Real Party in Interest/Appellee.*

No. 1 CA-CV 15-0297
FILED 4-5-2016

Appeal from the Superior Court in Coconino County
No. S0300CV201400631
The Honorable Cathleen Brown Nichols, Judge

**AFFIRMED**

COUNSEL

Debus, Kazan & Westerhausen, Ltd., Phoenix
By Tracey Westerhausen
*Counsel for Petitioner/Appellant*

Flagstaff City Attorney's Office, Flagstaff
By Marianne E. Sullivan
*Counsel for Real Party in Interest/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Jon W. Thompson delivered the decision of the Court, in which Judge Maurice Portley and Judge Patricia K. Norris joined.

---

**T H O M P S O N**, Presiding Judge:

¶1        Appellant Jaime Shurts (Shurts) appeals from the Coconino County Superior Court's order accepting jurisdiction of her special action and denying relief after the Flagstaff municipal court denied her motion to dismiss misdemeanor criminal charges against her for violating an order of protection and an injunction against harassment. For the following reasons, we affirm the decision of the superior court.

## FACTUAL AND PROCEDURAL HISTORY

¶2        In 2012, the superior court granted Shurts's ex-husband R.S. an order of protection against her. In 2013 the court granted R.S.'s girlfriend, M.G., an injunction against harassment against Shurts. The order of protection and injunction both limited Shurts's access at Pine Canyon, a development where both Shurts and R.S. owned property. Shurts, a real estate agent, also sold property in the development. She was not a member of the Club at Pine Canyon (the Club); R.S. was. Specifically, the order of protection stated:

> Pine Canyon (Limited access-see notes): 3300 Clubhouse Cir., Flagstaff, AZ 86001
>
> Defendant may have access to the Clubhouse and pool at Pine Canyon in Flagstaff for the purpose of showing it to clients or potential clients during normal business hours, **provided she follows the policy and protocol for real estate agents showing such persons the facility; she is to check in with the Clubhouse staff during her visit.**[1]

---

[1] The language pertaining to Pine Canyon in the injunction against harassment is nearly identical.

(Emphasis added). The Club's policy regarding showing the Clubhouse provided:

> Policy To Show the Clubhouse. A non-member wishing to tour the Clubhouse, who is not already being accompanied by Pine Canyon Realty employees must request a tour in writing by email to sales@pinecanyon.net at least 24 hours prior to the tour. Requests will receive a response with further instructions. This notice allows Pine Canyon management and staff to appropriately prepare for such viewings, and protect the exclusivity of the area for members and their guests. To accommodate non-members or outside realtors who are unable to give 24-hours' notice, Pine Canyon Realty is willing to arrange tours on shorter notice, but only subject to availability. As a security rule and procedure, you must comply if you wish to access the Clubhouse and related facilities that are exclusive to members and their guests.

In May 2013 Shurts was charged with violating the order of protection and injunction after she attended a social function at the Clubhouse as a guest of a Club member, R.C. During that function Shurts showed the Clubhouse to potential clients who were also guests of R.C. and subsequently made a number of real estate sales. After a bench trial, Shurts was acquitted of the May 2013 charges. The magistrate judge found that "considering all the testimony and evidence . . . this court finds that there is insufficient proof beyond a reasonable doubt that the defendant failed to follow any 'policy and protocol' for real estate agents showing the facility as may have applied to her regarding her attendance at the event in question."

¶3        On the evening of July 3, 2013, Shurts went to the Club and had dinner with R.C. and R.C.'s wife. She was arrested and charged with one count of violating the order of protection, one count of violating the injunction against harassment, and one count of resisting arrest, class 1 misdemeanors. Shurts filed a motion in the municipal court to dismiss the complaint for issue preclusion and due process violation. In her motion, Shurts argued that the prosecution was "barred by the doctrine of issue preclusion as incorporated in the Double Jeopardy clauses of the United States and Arizona constitutions," because the prosecution pertaining to the

July 3 incident was "for violating the exact same court orders under the exact same factual circumstances."

¶4        The Flagstaff municipal court denied the motion to dismiss, finding that "the two visits by [Shurts] to the PCCC clubhouse are not the exact same factual circumstances, thus dismissal of the Complaint is not the appropriate result." Shurts filed a petition for special action in the superior court arguing that the municipal court abused its discretion by denying her motion to dismiss. The superior court accepted jurisdiction and denied relief. The court stated:

> This Court read and considered Judge Araujo's detailed minute entry wherein he stated the facts that the trial court relied on in finding the Petitioner not guilty in the first case [May 2013 incident]. This court also read and considered Judge Slasor's minute entry denying the Petitioner's Motion to Dismiss in the second case [July 2013 incident].
>
> Based on this Court's review of the alleged facts in the second case, as stated by the parties . . . the alleged facts and circumstances present in the second case appear to be different from the first case.
>
> There are factual issues that need to be determined by the trier of fact. The Petition does not present "pure questions of law" as Petitioner contends. This Court finds no legal error by the trial court. Moreover, this Court also finds that Judge Slasor did not abuse her discretion when she denied the Petitioner's Motion to Dismiss the subject second case.

We have jurisdiction pursuant to Arizona Rules of Procedure for Special Actions 8(a).

## DISCUSSION

¶5        On appeal, Shurts argues that 1) the order of protection and injunction violated her due process rights, 2) the second complaint should have been dismissed because of "law of the case," 3) the second complaint

should have been dismissed because it was a "horizontal appeal," and 4) the second complaint should have been dismissed under the rule of lenity.

## A. Shurts's Due Process Rights Were Not Violated

**¶6**　　　　Shurts first argues that the order of protection and injunction against harassment (collectively "orders") violated her due process rights under the Arizona and United States Constitutions because they failed to give her notice of the conduct proscribed, they permitted arbitrary and discriminatory enforcement, and they infringed on her First Amendment rights.

**¶7**　　　　We disagree. The orders limiting Shurts's access to the Pine Canyon Clubhouse and pool clearly instructed her that she could have access to the Club and pool for the purpose of showing those portions of the property to clients or potential clients so long as she followed the Pine Canyon policy for real estate agents and checked in with Clubhouse staff. There was nothing vague about this language in the orders, and as noted by the state, Shurts did not appeal from these particular orders. Moreover, Shurts's First Amendment rights were not implicated here. The orders allowed her access to private property similar to any non-member real estate agent seeking to show those areas of the Club.

## B. Law of the Case

**¶8**　　　　Shurts next argues (in two sentences and one citation sentence), that the case should have been dismissed based on the doctrine of law of the case, because Magistrate Judge Araujo "found that the orders could be interpreted in different ways." She cites *Powell-Cerkoney v. TCR-Montana Ranch Joint Venture, II*, 176 Ariz. 275, 278, 860 P.2d 1328, 1331 (App. 1993), but otherwise makes no other argument. Even if the opening brief minimally complies with Arizona Rule of Civil Procedure 13(a)(6) on this issue, law of the case does not apply. "Law of the case" generally refers to the judicial policy of declining to reopen questions previously decided in the same case. *Powell-Cerkoney*, 176 Ariz. at 278-79, 860 P.2d at 1331-32. Here, there has been no judicial determination whether Shurts violated the orders on July 3, 2013 and Judge Araujo's ruling that she was not guilty of violating the orders on May 25, 2013 was based on the facts that occurred in relation to May 25 as presented at trial. We find no error.

## C. Horizontal Appeal

**¶9**　　　　Shurts next argues that the second complaint should be dismissed because it is a "horizontal appeal." A horizontal appeal occurs

when a party "requests a second trial judge to reconsider the decision of the first trial judge in the same matter, even though no new circumstances have arisen in the interim and no other reason justifies reconsideration." *Id.* at 278, 860 P.2d at 1331. Shurts argues that the second complaint constitutes a horizontal appeal because the orders violated were the same, the victims were the same, and Shurts's "conduct - attending a gathering at the PCCC," was the same. This case does not present a horizontal appeal. The alleged facts concerning the July 3, 2013 are different from the facts concerning the May 25, 2013 incident for which Shurts was acquitted. We find no error.

### D. Rule of Lenity

**¶10** Finally, Shurts argues that the rule of lenity should apply to the orders in this case. She provides no support for this argument and we decline to consider it.

### CONCLUSION

**¶11** For the foregoing reasons, we affirm the decision of the superior court.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama