NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

WILLIAM JOHN CHALMERS, *Plaintiff/Appellant*,

*v.*

EAST VALLEY FIDUCIARY SERVICES, INC., et al., *Defendants/Appellees*.

No. 1 CA-CV 21-0163
FILED 12-14-2021

Appeal from the Superior Court in Maricopa County
No. PB2017-001373
The Honorable Thomas Marquoit, Judge *Pro Tempore*

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**

COUNSEL

William John Chalmers, Chandler
*Plaintiff/Appellant*

Gallagher & Kennedy, P.A., Phoenix
By Mark C. Dangerfield, Hannah H. Porter
*Counsel for Defendant/Appellee East Valley Fiduciary Services, Inc.*

Broening Oberg Woods & Wilson, P.C., Phoenix
By Donald Wilson, Jr., Jathan P. McLaughlin, Kelley M. Jancaitis
*Counsel for Defendants/Appellees Doyle Defendants*

Zelms Erlich & Mack, Phoenix
By Robert B. Zelms, Anthony S. Vitagliano, Ian R. King
*Counsel for Defendants/Appellees Scharber Defendants*

Brian J. Theut, Phoenix
*Defendant/Appellee*

---

## MEMORANDUM DECISION

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Jennifer M. Perkins joined.

---

**C R U Z**, Judge:

¶1        William John Chalmers appeals from the superior court's order approving the final inventory and accounting of East Valley Fiduciary Services, Inc. ("EVFS").  For the following reasons, we affirm in part, vacate, and remand in part.

### FACTUAL AND PROCEDURAL HISTORY

¶2        During dissolution proceedings, Chalmers' divorce counsel filed a motion to appoint a guardian ad litem for Chalmers and a notice to withdraw as counsel.  The court appointed Brian J. Theut as Chalmers' guardian ad litem, and Theut subsequently filed emergency petitions for a temporary guardianship and conservatorship on Chalmers' behalf in this probate matter.

¶3        The court granted the petitions, appointing EVFS as temporary guardian and temporary conservator.  EVFS retained Ryan M. Scharber to represent it as the temporary guardian and conservator for Chalmers' estate, and appointed John M. McKindles as Chalmers' counsel in the dissolution matters.  Theut continued to serve as Chalmers' guardian

2

ad litem. The court appointed Michael J. and Gary T. Doyle to serve as Chalmers' counsel in the probate matters. Following their appointment, as required by Arizona Revised Statutes ("A.R.S.") section 14-5109(A), the Doyles filed a notice of the basis of compensation. The record indicates that EVFS, Scharber, McKindles, and Theut never filed such a notice.

¶4 The guardianship was dismissed after about a month and a half, but the conservatorship continued for just over a year. During the conservatorship, the Doyles, EVFS, Scharber, McKindles, and Theut filed Arizona Rule of Probate Procedure ("Rule") 33 petitions, requesting approval of compensation for their services to be paid from Chalmers' estate. The superior court approved the Rule 33 petitions and fees totaling $312,939.23 (the "2018 fee orders").

¶5 After the conservatorship concluded, EVFS submitted its final inventory and accounting for approval. EVFS, Scharber, McKindles, and Theut each filed a final Rule 33 petition collectively seeking over $80,000 in additional fees. The Doyles withdrew as Chalmers' counsel, and S. Alan Cook appeared as Chalmers' new counsel.

¶6 Shortly after, the case was reassigned. The newly-assigned judge issued a minute entry in which he found that only the Doyles filed the required notice of the basis of compensation. EVFS filed a response to the court's minute entry and characterized its failure to file a notice as a regrettable "oversight," but contended that Chalmers was aware of its basis for compensation throughout the conservatorship. None of the other parties acknowledged the failure to file a notice of compensation.

¶7 Cook later filed a motion to withdraw from representation of Chalmers. An evidentiary hearing was held as to the final inventory and accounting, as well as the pending Rule 33 petitions. Chalmers appeared without representation and objected to EVFS's final account and Rule 33 petitions. Chalmers also challenged the previously granted 2018 fee orders to EVFS, Scharber, McKindles, and Theut, which were also recorded in the final account.

¶8 The court affirmed the 2018 fee orders finding that any review of those orders would constitute an improper horizontal appeal, and that it had no authority to reconsider a prior judge's rulings. The superior court further ruled that Chalmers could not appeal the fee request orders because they were final orders with Arizona Rule of Civil Procedure 54 language, and the time to appeal had passed. However, the court found that EVFS, Scharber, McKindles, and Theut failed to comply with the notice

requirements under A.R.S. § 14-5109, and denied the outstanding Rule 33 petitions. The court then approved the remaining final account.

**¶9** Chalmers timely appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(A).

## DISCUSSION

**¶10** In reviewing the superior court's judgment in a probate matter, we accept the superior court's findings of fact if they are supported by the record. *In re Estate of Stephens*, 117 Ariz. 579, 586 (App. 1978). We review the superior court's rulings on questions of law de novo. *In re Estate of Headstream*, 214 Ariz. 530, 532, ¶ 9 (App. 2007).

**¶11** As an initial matter, although the superior court found that the time to appeal the 2018 fee orders had passed, they do not contain the full Arizona Rule of Civil Procedure 54(b) or (c) language. *See* Ariz. R. Civ. P. 54(c) ("A judgment as to all claims and parties is not final unless the judgment recites that no further matters remain pending and that the judgment is entered under Rule 54(c)"); Ariz. R. Civ. P. 54(b) ("[T]he court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines there is no just reason for delay and recites that the judgment is entered under Rule 54(b)."). Accordingly, the 2018 fee orders were never properly certified as final orders, and the time to appeal has not begun to run on those orders.

**¶12** Chalmers contends the superior court erred in failing to reverse the 2018 fee orders for EVFS, Theut, Scharber, and McKindles on the basis that doing so would constitute "an impermissible horizontal appeal." A horizontal appeal is a request to "a second trial judge to reconsider the decision of the first trial judge in the same matter, even though no new circumstances have arisen in the interim and no other reason justifies reconsideration." *Powell–Cerkoney v. TCR–Mont. Ranch Joint Venture, II*, 176 Ariz. 275, 278-79 (App. 1993). The policy against horizontal appeals will not be applied "when an error in the first decision renders it manifestly erroneous or unjust." *Id.* at 279; *see also Donlann v. Macgurn*, 203 Ariz. 380, 385-86, ¶ 29 (App. 2002). Although the superior court found no new circumstances justified reconsidering the 2018 fee orders, the court did not address whether the orders were "manifestly erroneous or unjust." *See id.*

**¶13** In this case, the superior court found that neither EVFS, Theut, Scharber, or McKindles complied with A.R.S. § 14-5109, which provides:

> When a guardian, a conservator, an attorney or a guardian ad litem who intends to seek compensation from the estate of a ward or protected person *first appears in the proceeding*, that person *must* give written notice of the basis of the compensation by filing a statement with the court and providing a copy of the statement to all persons entitled to notice pursuant to §§ 14-5309 and 14-5405. The statement must provide a general explanation of the compensation arrangement and how the compensation will be computed.

A.R.S. § 14-5109(A) (emphasis added).

¶14　　　In an effort to obviate the requirements of A.R.S. § 14-5109, Theut argues Chalmers was aware attorneys' fees would be charged because: he included his hourly rate within the emergency petition for temporary conservatorship, Chalmers was present for the hearing on August 18, 2017, Chalmers signed the settlement agreement regarding the family court matter, and both applications for attorneys' fees and costs were filed with the clerk of the court and mailed to Chalmer's counsel. However, Theut's reference to attorneys' fees in the emergency petition was one sentence in a nearly fifty-page document that did not "provide a general explanation of the compensation arrangement and how the compensation will be computed." A.R.S. § 14-5109(A). Moreover, Theut was not only required to file the notice of the basis for compensation with the court, but he was also required to provide timely notice to all persons entitled to it, such as Chalmers' spouse and adult children. *Id.*; *see also* A.R.S. §§ 14-5309, -5405. There is no evidence that Theut complied with the statute's notice requirements or that Chalmers waived the same.

¶15　　　We remand to the superior court to decide whether EVFS's, Theut's, Scharber's, and McKindles' failure to comply with this statute waived their right to seek compensation, and thus whether the 2018 fee orders were manifestly erroneous or unjust.

¶16　　　Finally, Chalmers contends it was error to approve the final account because it is "misleading," and he was unable to cross-examine EVFS at the December 2020 hearing regarding its final inventory and accounting. Chalmers fails to provide evidence that the final account information was inaccurate. Further, EVFS was present at the hearing, and Chalmers provided no evidence he was denied the opportunity to call EVFS as a witness. We find no error in the court's approval of the remaining final account.

**¶17** We vacate the superior court's order denying review of the 2018 fee orders, and we vacate that portion of the entry of the final inventory and accounting. We affirm the court's approval of the remaining final account.

## CONCLUSION

**¶18** For the foregoing reasons, we affirm in part, vacate in part, and remand for further proceedings consistent with this decision. The parties request their attorneys' fees and costs on appeal. In the exercise of our discretion, we decline to award fees and costs.



AMY M. WOOD • Clerk of the Court
FILED: AA