NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

RACHELLE BERNS, *Plaintiff/Appellant*,

*v.*

SPENCER BERNS, *Defendant/Appellee*.

No. 1 CA-CV 25-0261

FILED 12-24-2025

Appeal from the Superior Court in Maricopa County
No. CV2024-090334
The Honorable Timothy J. Ryan, Judge *Retired*

**AFFIRMED IN PART, REVERSED IN PART**

COUNSEL

Keith R. Lalliss, Attorney at Law, Mesa
By Keith R. Lalliss
*Counsel for Plaintiff/Appellant*

Ellsworth Family Law, PC, Mesa
By F. Taylor Larson
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Vice Chief Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Cynthia J. Bailey joined.

---

**W E I N Z W E I G**, Vice Chief Judge:

**¶1** Rachelle Berns ("Wife") appeals the superior court's dismissal of her complaint against Spencer Berns ("Husband"), along with the order she pay sanctions. We affirm the dismissal but reverse the sanctions.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2** On appeal from a Rule 12(b) dismissal, we assume the truth of all well-pled facts and draw all fair inferences. *Swift Transp. Co. of Ariz. v. Ariz. Dep't of Revenue*, 249 Ariz. 382, 383, ¶ 3 (App. 2020).

**¶3** The parties were married for nearly ten years. Neither had counsel when they divorced. A document preparer drafted the dissolution decree, which the superior court entered in February 2023.

**¶4** Six months later, Wife retained an attorney and asked the superior court to reopen the decree and divide the rest of the community property under Rule 85. *See* Ariz. R. Fam. Law P. 85. Wife claimed that several assets and debts were not included in the dissolution decree. The court denied her petition. She did not appeal.

**¶5** Four months later, Wife filed a new civil complaint raising the same issues. Husband moved to dismiss that complaint for lack of subject matter jurisdiction and failure to state a claim. *See* Ariz. R. Civ. P. 12(b)(1), (6). He argued the complaint was a horizontal appeal and barred by issue preclusion. The court agreed and dismissed the case, ruling that Wife should have appealed the family court's denial of her Rule 85 petition.

**¶6** Husband then moved for sanctions under A.R.S. § 12-349, which the superior court granted, ordering Wife pay $10,150 in attorney fees and $313.77 in costs to Husband. Wife timely appealed both rulings. We have jurisdiction. *See* A.R.S. §§ 12-120.21(A)(1), -2101(A)(1).

## DISCUSSION

¶7 Wife argues the superior court erred in dismissing her complaint and in sanctioning her. We address each issue in turn.

¶8 We review de novo a dismissal for lack of subject matter jurisdiction. *Church of Isaiah 58 Project of Ariz., Inc. v. La Paz County*, 233 Ariz. 460, 462, ¶ 9 (App. 2013). The superior court grants that motion only if the plaintiff cannot get relief under any view of the facts. *Swift Transp.*, 249 Ariz. at 385, ¶ 14. We assume the truth of all well-pled, material facts but do not accept as true legal conclusions, unreasonable inferences or unsupported deductions. *Id.*

## I.    The Dismissal Was Proper.

¶9 Arizona law empowers a spouse to pursue one of two avenues to divide community property omitted from a dissolution decree—*either* file a post-decree motion in family court *or* a separate civil suit. *Dressler v. Morrison*, 212 Ariz. 279, 281–82, ¶¶ 10, 12–14 (2006) ("We granted review to determine whether a party may bring a separate civil action for relief, *rather than* file a Rule 60(c) motion, when the party alleges ownership in real property not disposed of in a dissolution decree.") (emphasis added) (abrogated on other grounds); *see also Duckstein v. Wolf*, 230 Ariz. 227, 231, ¶ 8 (App. 2012) (holding that because Ariz. R. Civ. P. 60(c) is substantially the same as the language in Ariz. R. Fam. Law P. 85(b), case law interpreting the former will apply to the latter).

¶10 Wife relies on *Dressler* for the argument that she may pursue *both* avenues. But *Dressler* describes a choice between two discrete options—filing a Rule 60(c) motion in the dissolution case or filing a separate civil suit. *Id.* at 281–82, ¶¶ 9–14. In *Dressler*, the spouse chose to file the separate civil suit and the supreme court said that was appropriate. *Id.* at 279–80, ¶ 1. Here, by contrast, Wife chose the Rule 85 path, lost that motion and never appealed. Now she wants a second chance to file the separate civil suit. But *Dressler* does not authorize a do-over. *See generally id.*

¶11 Wife seeks to assert a horizontal appeal—a request to "a second trial judge to reconsider the decision of the first trial judge in the same matter, even though no new circumstances have arisen in the interim and no other reason justifies reconsideration." *Powell–Cerkoney v. TCR–Mont. Ranch Joint Venture, II*, 176 Ariz. 275, 278–79 (App. 1993). Arizona law discourages horizontal appeals because they waste judicial resources and encourage judge shopping. *Id.* at 279. Her remedy was to appeal the family

court's denial of her Rule 85 motion—not to start over in civil court with the same claim. *Donlann v. Macgurn*, 203 Ariz. 380, 386, ¶ 29 (App. 2002) ("[A] judge should not reconsider a motion already decided by another superior court judge unless new circumstances are demonstrated."). To hold otherwise would let any litigant who loses in one department simply refile in another, undermining finality and burdening the courts.

## II.     The Sanctions Were Improper.

**¶12**         We review an order of sanctions for abuse of discretion. *Villa De Jardines Ass'n v. Flagstar Bank, FSB*, 227 Ariz. 91, 96, ¶ 12 (App. 2011).

**¶13**         Courts may sanction parties who bring claims without substantial justification—that is, claims that are both groundless and not made in good faith. A.R.S. § 12-349(A)(1), (F). "Groundless" means "frivolous." *Ariz. Republican Party v. Richer*, 257 Ariz. 237, 243, ¶ 15 (2024). A claim is groundless "if the proponent can present no rational argument based on the evidence or law in support of that claim." *Id.* But a claim is not groundless when it is "fairly debatable" or a "long shot." *Id.* Even a claim that lacks merit may have enough rational support to avoid being groundless. *Id.*

**¶14**         A claim is made in bad faith only when it is both objectively groundless and when "the party or attorney knows or should know that it is groundless, or is indifferent to its groundlessness, but pursues it anyway." *Id.* at 248–49, ¶¶ 38, 40. The standard is objective: what would professional, competent attorneys do in like circumstances? *Id.* at 249, ¶ 40.

**¶15**         We conclude that Wife's claim was "fairly debatable." Arizona statutes do not expressly bar a separate civil suit after the family court denies relief under Rule 85, and *Dressler* recognized that a spouse may file a separate civil suit to add community property to the dissolution decree. *Dressler*, 212 Ariz. at 279–80, ¶ 1. *Dressler* did not expressly reach whether a spouse may file a separate civil suit after the denial of her Rule 85 motion in the dissolution proceeding. *See id.* at 283, ¶ 17 n.7. The argument was not frivolous, even if a long shot, so we reverse the sanction award.

## CONCLUSION

**¶16**         The superior court correctly dismissed Wife's complaint but erred in imposing sanctions on her. We affirm the dismissal and reverse the sanctions.

4

**¶17** Both parties request fees and costs on appeal. Wife seeks them under A.R.S. § 25-324. Husband seeks them under A.R.S. §§ 12-349 and -341. We deny both requests for attorney fees in our discretion. As the prevailing party, however, Husband may recover costs on appeal upon compliance with ARCAP 21.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR