282 P.3d 428

**In re the Marriage of Sonja S. DUCK-STEIN, Petitioner/Appellee,**

v.

**David J. WOLF, Respondent/Appellant.**

**No. 1 CA–CV 11–0534.**

Court of Appeals of Arizona, Division 1, Department A.

July 31, 2012.

---

Steven D. Keist, P.C. By Steven D. Keist and Jackson L. Walsh, Glendale, Attorneys for Appellee.

Law Office of William P. Sargeant, III By William P. Sargeant, III, Phoenix, Attorneys for Appellant.

1. The acceptance of service included a provision waiving formal service: "I waive formal service of process by a process server or sheriff. I

**OPINION**

KESSLER, Judge.

¶1 David J. Wolf ("Husband") appeals from the trial court's order denying his motion to set aside a default dissolution decree. We hold that failure to verify a petition for dissolution of marriage and lack of proper notarization of an acceptance of service do not deprive the trial court of jurisdiction. We also hold, however, that when a motion to set aside a default judgment presents contested issues of material fact and a party requests an evidentiary hearing, the trial court should conduct an evidentiary hearing before ruling on the motion. For the following reasons, we remand for further proceedings consistent with this decision.

## FACTUAL AND PROCEDURAL HISTORY

¶2 Husband and Sonja S. Duckstein ("Wife"), both licensed attorneys, were married in 2001. In March 2010, Wife filed a *pro per* petition for dissolution of marriage, which did not include a verification statement. Wife also filed an acceptance of service waiving formal service and allegedly signed by Husband.[1]

¶3 The trial court entered a decree of dissolution by default on May 4, 2010. A property settlement agreement was filed contemporaneously with the decree and contained the alleged signatures of both Husband and Wife. The settlement agreement was incorporated into the decree.

¶4 Ten months later, in March 2011, Husband moved to set aside the default decree, claiming that Wife committed a fraud upon the court by presenting forged signatures. Husband attached an affidavit in which he claimed he "was never served by a process server," "never executed any waiver of acceptance of service," and "never executed any property settlement agreement in connection with the [proceeding]." He did admit, however, to receiving a copy of the

understand accepting these papers is the same as if I were personally served under Arizona Law [A.R.F.L.P. Rule 40(F)]."

petition. He also included a report and letter by a forensic document examiner, supporting his assertion that his signature had been forged on the documents presented by Wife.[2] Wife responded claiming that Husband: (1) signed the acceptance of service in her presence; (2) acted in accordance with the settlement agreement; (3) confirmed signing the acceptance of service and settlement agreement in multiple e-mails; and (4) made repeated threats to destroy Wife's livelihood and set aside the decree. She attached affidavits supporting her contention that Husband signed the documents,[3] as well as a report from her own forensic document examiner concluding that "all documents submitted for examination and identification bearing the signature of [Husband] ... were authored by ... [Husband]." The e-mails between Husband and Wife indicated that Husband acted in conformity with the settlement agreement after the decree was entered.[4] In his reply, Husband stated that Wife's affidavits were false and concluded that the decree should be set aside because the petition was not verified and the acceptance of service was not properly notarized. He also argued that if the court disagreed on those two issues, it should hold an evidentiary hearing as to disputed facts raised by the response to his motion.

¶ 5 The trial court denied Husband's motion, reasoning:

Based upon a review of the exhibits submitted as well as the Court's file in this case, the Court finds that Husband has failed to meet his burden to establish grounds for relief under Rule 85(C). The Court does not find convincing Husband's arguments [that] he was blindsided months after the fact of the existence of a decree of which he was not aware.

It is clear in reviewing the e-mails exchanged between Husband and Wife that Husband admitted to signing documents relative to the parties' transfers of property contemplated in the Decree and [Property Settlement Agreement]. He clearly had knowledge of terms of the parties' divorce that he would only know if he were aware of and had read the documents at issue. He also transferred some items of property pursuant to the [Property Settlement Agreement].

---

**2.** Husband's expert concluded that there were "consistent significant differences" between the document signatures and Husband's known signatures. He stated the signature on the acceptance of service was "an attempt to simulate a genuine signature" by someone who "had at least one genuine signature to use as a model, or was familiar enough with [Husband's] signature to execute it from memory." He further stated that "to a high degree of probability" the signature on the property settlement agreement was also "not executed by the maker of the known [Husband] signatures."

**3.** M.B., the person who notarized the documents in dispute, stated that "[she] spoke to [Husband] ... and confirmed that he had signed the Acceptance of Service and Stipulated Property Agreement." She further stated that on two occasions "[he] told [her] that if he wanted to, he [could] set aside the divorce decree, simply by saying that he was on drugs at the time of signing the paperwork." C.M., M.B.'s ex-boyfriend, confirmed M.B.'s statements, asserting "[Husband] stated that he had signed the divorce documents giving [Wife] whatever she wanted. He also stated that all he had to do to 'screw' her was get the divorce set aside by claiming that he was using drugs when he signed the papers. At no time did he deny signing the papers." In a third affidavit, A.K., Husband's former employee, stated that Husband "told [her] he signed the divorce papers sometime in early March and was agreeing to give [Wife] whatever the agreement said."

**4.** Statements made in the e-mails supporting Wife's argument include: (1) "You [Wife] made the decision that you wanted out and I never attempted to dispute nor did I even read the agreement you drafted because I didn't care about the money I only wanted to make it right for my error"; and (2) "[Y]ou think you did me a fover [sic] giving me the tv and then you try back door me on the bedroom set that you know was the one in the decree." Wife also included an e-mail in which she specifically stated the following: "It was in my account when the property settlement agreement was signed on March 4. It became a binding and legal contract on that date.... I don't owe you any money." Although Husband did not deny signing the documents in his response, his statements indicate he might not have been served: "I would very much want to talk with you to resolve everything once and for all in both are [sic] best interests I sure hope your [sic] not trying to have me served right now that would really be unnecessary and not good for either I assure you." All of the above e-mails were sent in August 2010, five months after the alleged signing of the acceptance of service.

This knowledge coupled with the fact that Husband filed his Motion to Set Aside over ten months after the Consent Decree and [Property Settlement Agreement] were entered and signed is fatal to his claim under Rule 85(C)(2).

Rule 85(C)(2) requires that any motion filed under this section be filed within a reasonable amount of time, and "not more than six (6) months after the judgment or order was entered or proceeding taken."

This Husband clearly did not do and his clear knowledge vitiates any argument that this time limit should not apply. Without any further analysis, his argument fails due to lack of timeliness coupled with his obvious knowledge.

The Court also finds that Husband has failed to establish by clear and convincing evidence that the acceptance of service of process signed by him was invalid.…

This is not a case where Husband suddenly was blindsided by information after the fact that a judgment had been entered against him. Rather it is quite obvious that he was aware of the [d]ecree and especially the [Property Settlement Agreement] and its terms.

¶ 6 Husband timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12–2101(A)(1) (Supp. 2011).

## ISSUES AND STANDARD OF REVIEW

¶ 7 Husband argues the trial court misinterpreted Arizona Rule of Family Law Procedure 85(C) ("Rule 85(C)") and its applicability to this case. He asserts that: (1) the trial court lacked the authority to enter the decree because Wife's petition was not verified pursuant to A.R.S. § 25–314 (Supp. 2011); and (2) the court's erroneous interpretation of Rule 85(C) denied Husband the opportunity to present evidence regarding lack of service.

¶ 8 "Wherever the language in [the Arizona Rules of Family Law Procedure] is substantially the same as the language in other statewide rules, the case law interpreting that language will apply to these rules." Ariz. R. Fam. L.P. 1 cmt. *Compare* Ariz. R. Fam. L.P. 85(C), *with* Ariz. R. Civ. P. 60(c). We review the trial court's denial of a motion to set aside a judgment for an abuse of discretion. *See Staffco, Inc. v. Maricopa Trading Co.*, 122 Ariz. 353, 356, 595 P.2d 31, 34 (1979) (interpreting Arizona Rule of Civil Procedure 60(c) which is substantially the same as Rule 85(C)). "A court abuses its discretion if it commits an error of law in reaching a discretionary conclusion, it reaches a conclusion without considering the evidence, it commits some other substantial error of law, or 'the record fails to provide substantial evidence to support the trial court's finding.'" *Flying Diamond Airpark, L.L.C. v. Meienberg*, 215 Ariz. 44, 50, ¶ 27, 156 P.3d 1149, 1155 (App.2007) (quoting *Grant v. Ariz. Pub. Serv. Co.*, 133 Ariz. 434, 456, 652 P.2d 507, 529 (1982)). However, if a claim is made that a judgment is void, we review a decision on that claim *de novo*. *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir.2009). We review challenges to the trial court's subject matter jurisdiction and questions involving the application and interpretation of court rules *de novo*. *State v. Bryant*, 219 Ariz. 514, 516, ¶ 4, 200 P.3d 1011, 1013 (App.2008); *Vega v. Sullivan*, 199 Ariz. 504, 507, ¶ 8, 19 P.3d 645, 648 (App.2001).

## DISCUSSION

¶ 9 Because Husband waited ten months to seek to vacate the default decree, his appeal can only succeed if the decree was void under Rule 85(C)(1)(d) or if Wife committed a fraud on the court under Rule 85(C)(3). This is because the six-month and reasonableness time limits of Rule 85 do not apply if the judgment is void, including being void for lack of personal jurisdiction. *See* Ariz. R. Fam. L.P. 85(C)(1)(d) (providing the court may grant relief when the judgment is void); Ariz. R. Fam. L.P. 85(C)(2) (providing that a motion for relief from judgment must be filed within a reasonable time, and under subsections (1)(a)-(c), not more than six months from entry of judgment); Ariz. R. Fam. L.P. 85(C)(3) (permitting a court to set aside a judgment for fraud upon the court in an independent action); *Springfield Credit Union v. Johnson*, 123 Ariz. 319, 322, 599 P.2d

772, 775 (1979) ("The reasonable time requirement of Rule 60(c) does not apply, however, when a judgment is attacked as void."); *Martin v. Martin*, 182 Ariz. 11, 15, 893 P.2d 11, 15 (App.1994) ("A judgment or order is 'void' if the court entering it lacked jurisdiction: (1) over the subject matter, (2) over the person involved, or (3) to render the particular judgment or order entered."). Accordingly, Husband argues the court lacked authority to enter the decree for lack of a verified petition and that it lacked personal jurisdiction over him because he had never signed the acceptance of service and Wife misled the court in representing that he had. We deal with each argument in turn.

## I. UNVERIFIED PETITION

¶ 10 Husband argues that the trial court lacked the authority to enter the decree because Wife filed an unverified petition in violation of A.R.S. § 25–314(A). Wife contends that she verified the petition when she signed it acting *pro se*, she verified all of the contents in a hearing on the petition, and that if it was not properly verified, it does not affect the authority of the trial court to enter the decree.

¶ 11 Arizona Rule of Family Law Procedure 31(A) ("Rule 31(A)") provides that pleadings do not require formal verification "[e]xcept when otherwise specifically provided by rule or statute." As Husband points out, A.R.S. § 25–314(A) specifically provides that a party shall file a "verified petition" in a dissolution proceeding.[5] Husband argues that because Wife failed to verify the petition, she failed to comply with significant terms of the statute and deprived the court of jurisdiction or at least authority to enter the decree. We disagree with Husband.

■ ¶ 12 "In Arizona, dissolution of marriage proceedings are creatures of statute, and jurisdiction to decide such cases is conferred on the courts by the legislature." *In re Marriage of Waldren*, 217 Ariz. 173, 175, ¶ 8, 171 P.3d 1214, 1216 (2007); *see* A.R.S. § 25–311(A) (2007) ("The superior court is vested with original jurisdiction to hear and decide all matters arising pursuant to [dissolution of marriage]."). To determine whether the trial court had the authority to issue the decree, we must decide whether the provision in A.R.S. § 25–314 is jurisdictional. We hold it is not.

¶ 13 We find nothing to suggest that lack of verification of a petition for dissolution is more than a procedural defect. Rule 31(A) states that a pleading must be verified if provided for by rule or statute, but adds that

> [i]f a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney's fee.

Holding that a failure to attach a verification statement to a dissolution petition renders the subsequent decree a nullity would belie the provisions of Rule 31(A). The rule grants courts wide discretion on what sanctions to impose for failure to properly verify a petition. Presumably, the court would not have that discretion if the failure to verify had deprived it of jurisdiction to act at all. The fact that the rule gives the court discretion on what sanction to impose supports the view that an unverified petition does not preclude authority to act other than to dismiss the petition.

¶ 14 Our conclusion is also supported by the majority of jurisdictions addressing this issue. *Compare In re Shaffer's Estate*, 203 Kan. 264, 454 P.2d 1, 6 (1969) ("[V]erification does not constitute any part of the pleadings and cannot render it defective. It adds no allegation. It tenders no issue. It is, as we have said, a formal matter, the omission or imperfection of which does not rise above the status of a mere irregularity that may be waived or cured by amendment. Its defects

---

5. Section 25–314 states:
   The *verified* petition in a proceeding for dissolution of marriage or legal separation shall allege that the marriage is irretrievably broken

or that one or both of the parties desire to live separate or apart . . . .
(Emphasis added.)

do not vitiate jurisdiction." (internal citation and quotation marks omitted)), *Preparatory Temple & House of Prayer for All People, Inc. v. Seery*, 81 N.J.Super. 429, 195 A.2d 900, 903 (N.J.Super.Ct. Ch. Div.1963) ("[Verification] is a purely procedural direction which is formal but does not go to the essence of the law with regard to requirements for jurisdiction of the courts."), *and Smith v. State*, 918 So.2d 141, 147 (Ala.Crim.App.2005) ("It appears to be the general rule, however, that, even when verification of a civil pleading is required by law, in the absence of a clear indication to the contrary, it is not treated as an indispensable part of the pleading so that the lack of verification must be deemed to vitiate a court's subject-matter jurisdiction."), *with In re Triscari Children*, 109 N.C.App. 285, 426 S.E.2d 435, 437 (1993) ("Actions for divorce also require a verified complaint, and in such an action, verification is mandatory for jurisdiction." (citation omitted)), *and Hibdon v. Hibdon*, 589 S.W.2d 646, 647 n. 1 (Mo.Ct.App.1979) ("[Missouri law] requires both a petition for divorce and answer thereto be verified. Such verification is jurisdictional.").

¶ 15 We also conclude Husband's argument places form over substance. Wife argues that she verified the allegations in the petition during the dissolution hearing. We assume that is true because Husband has not filed a copy of the transcript. *Bryant v. Thunderbird Acad.*, 103 Ariz. 247, 249, 439 P.2d 818, 820 (1968) ("In the absence of the record, an appellate court will presume that the evidence at a trial was sufficient to sustain a finding, the verdict, or a charge to the jury.").

¶ 16 Wife signed the petition in violation of the rules by failing to verify it. We hold that such failure does not deprive the court of jurisdiction.

## II. ACCEPTANCE OF SERVICE

¶ 17 Husband next argues that the court's erroneous interpretation of Rule 85(C) denied him the opportunity to present evidence regarding lack of service. We understand Husband's argument to be that because the acceptance of service was not properly notarized, the court should have held an evidentiary hearing to resolve the dispute of fact as to whether Husband signed the acceptance or was served to confer personal jurisdiction over him. While we think the lack of proper notarization does not *per se* require an evidentiary hearing, we agree the trial court should have held an evidentiary hearing here because the notarization was defective, there was a dispute of fact as to whether Husband was served with the petition and signed the settlement agreement, and Husband asked for an evidentiary hearing on the disputed facts.

¶ 18 "Proper service of process is essential for the court to have jurisdiction over the defendant. Consequently, a judgment would be void and subject to attack if the court that rendered it was without jurisdiction because of lack of proper service." *Koven v. Saberdyne Sys., Inc.*, 128 Ariz. 318, 321, 625 P.2d 907, 910 (App.1980) (citations omitted); *see Kadota v. Hosogai*, 125 Ariz. 131, 134, 608 P.2d 68, 71 (App.1980) ("[T]he law is clear that a judgment is void if the trial court did not have jurisdiction because of a lack of proper service."). "If a judgment or order is void, the trial court has no discretion but to vacate it." *Martin*, 182 Ariz. at 14, 893 P.2d at 14.

¶ 19 We review the trial court's ruling on the issue of personal jurisdiction *de novo*. *Oldfield*, 558 F.3d at 1217 ("We have consistently held that the issue of whether personal jurisdiction is present is a question of law and subject to *de novo* review. This standard applies whether the issue is raised by way of a motion to dismiss ... or a motion to set aside a judgment...." (internal citation omitted)); *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 925 (11th Cir.2007) ("Unlike motions pursuant to other subsections of Rule 60(b), Rule 60(b)(4) motions leave no margin for consideration of the district court's discretion as the judgments themselves are by definition either legal nullities or not. Therefore, [w]e review de novo ... a district court's ruling upon a Rule 60(b)(4) motion to set aside a judgment as void, because the question of the validity of a judgment is a legal one." (internal quotation marks omitted)). We review a decision

234

whether to hold an evidentiary hearing for an abuse of discretion. *State v. Wassenaar*, 215 Ariz. 565, 576, ¶ 48, 161 P.3d 608, 619 (App. 2007); *Lenze v. Synthes, Ltd.*, 160 Ariz. 302, 306, 772 P.2d 1155, 1159 (App.1989) (finding court abused its discretion in failing to set aside a default judgment entered as a sanction for a discovery violation without holding evidentiary hearing on fault). A court abuses its discretion if it makes a substantial error of law in reaching its decision. *Flying Diamond Airpark*, 215 Ariz. at 50, ¶ 27, 156 P.3d at 1155.

¶ 20 "[W]here a judgment is challenged on voidness grounds, '[t]he movant generally bears the burden of demonstrating his entitlement to have a default judgment set aside.'" *Blair v. Burgener*, 226 Ariz. 213, 216, ¶ 7, 245 P.3d 898, 901 (App.2010) (quoting *Miller v. Nat'l Franchise Servs., Inc.*, 167 Ariz. 403, 406, 807 P.2d 1139, 1142 (App.1991)). That burden must be shown by clear and convincing evidence. *See Gen. Elec. Capital Corp. v. Osterkamp*, 172 Ariz. 191, 194, 836 P.2d 404, 407 (App.1992) ("Service of process can be impeached only by clear and convincing evidence.").

¶ 21 Husband first argues that the acceptance of service presented to the trial court was improper because it was not affirmed in the presence of a notary pursuant to Arizona Rule of Family Law Procedure 40(F) ("Rule 40(F)"). While we agree with Husband that the acknowledgment of his signature was faulty, we disagree that it renders the court's order a nullity as a matter of law.

¶ 22 Pursuant to Rule 40(F), "[t]he person to whom a summons or other process is directed may accept service, or waive issuance or service thereof in writing, dated and signed by that person, and subscribed and sworn to (or affirmed to) before a notary public, and the acceptance or waiver shall be filed with the clerk." Pursuant to Arizona Rule of Family Law Procedure 14(A) ("Rule 14(A)"), "[a] sworn written verification is required for . . . an acceptance or waiver of service under Rule 40(F)."

¶ 23 Without addressing Husband's argument of forgery, the acceptance of service indicates that Husband acknowledged his signature to the notary: "On this, 3rd day of March, 2010, [Husband], before me, the undersigned Notary Public, personally appeared and signed the authority to accept service and *acknowledged* to me that he executed the above instrument for the purposes therein contained." (Emphasis added.) An acknowledgment, however, is not the same as an affirmation. Pursuant to A.R.S. § 41-311(1) (Supp.2011) an acknowledgment is "a notarial act in which a notary certifies that a signer, whose identity is proven by satisfactory evidence, appeared before the notary and *acknowledged* that the signer signed the document." (Emphasis added.) An affirmation, on the other hand, is "a notarial act or part of a notarial act in which a person *made a vow* in the presence of the notary *under penalty of perjury*." A.R.S. § 41-311(9) (emphasis added).

¶ 24 Because the acceptance of service did not contain a verification that Husband made an oath or affirmation in compliance with A.R.S. § 41-311(9) and Rules 40(F) and 14(A), we agree that the form is technically defective. However, that does not mean that Husband was never served so as to deprive the court of jurisdiction over Husband and render the decree void. "It is not the return but the fact of service which gives the court jurisdiction. The return is merely evidence by which the court may be informed that the defendant has been served." *Brandt v. Daman Trailer Sales, Inc.*, 116 Ariz. 421, 422, 569 P.2d 851, 852 (App.1977). *Cf. Cockerham v. Zikratch*, 127 Ariz. 230, 234, 619 P.2d 739, 743 (1980) (holding that the failure to file an affidavit of service under Arizona Rule of Civil Procedure 4.2(b) (formerly Rule 4.2(e)(2)(b)), "although reversible error, did not render the default judgment void for lack of personal jurisdiction where the facts to be contained in that affidavit appear in the verified complaint and affidavits of the process server."). Thus, when a notarization on an acceptance of service is defective, on a motion to vacate a decree, it is up to the trial court, after determining the evidence before it, whether the movant has provided clear and convincing evidence for relief from the decree.

¶ 25 The real issue in this case is whether the trial court should have held an evidentiary hearing based on the evidence presented to it on the motion to vacate the decree and Husband asked for such a hearing. Regardless of the evidence that Husband may have known of the petition and the terms of the property settlement and acted in conformity with the agreement, there is still a dispute of fact whether Husband actually signed the acceptance of service. Husband provided the court with his own affidavits in which he stated he "was never served by a process server" and "never executed any waiver of acceptance of service." He also submitted a report from a forensic document examiner concluding that it was "highly probable" the signature on the acceptance of service was forged. Wife submitted a conflicting affidavit, a report from her own forensic examiner, affidavits from three additional witnesses stating that Husband confirmed signing the document, and e-mails authored by Husband allegedly indicating he signed all of the divorce papers.

■ ¶ 26 When an application to set aside a default judgment presents contested issues of material fact and the applicant requests an evidentiary hearing, the trial court should conduct an evidentiary hearing on the issues raised. *Philos Techs., Inc. v. Philos & D., Inc.,* 645 F.3d 851, 858 (7th Cir.2011) (citations omitted).[6] *Cf. Weaver v. Synthes, Ltd. (U.S.A.),* 162 Ariz. 442, 444–45, 784 P.2d 268, 270–71 (App.1989) (finding fundamental fairness required the court to hold an evidentiary hearing on a motion to set aside a default judgment when record was not clear as to whether the client or attorney was at fault); *Gatecliff v. Great Republic Life Ins. Co.,* 154 Ariz. 502, 506, 744 P.2d 29, 33 (App.1987) ("[A] court may consider affidavits, depositions, and exhibits and conduct an evidentiary hearing if necessary to resolve a [Arizona Rule of Civil Procedure] 12(b)(2) challenge to

its personal jurisdiction over a litigant."); *Oldfield,* 558 F.3d at 1216 (finding there was no need for an evidentiary hearing for a motion to set aside the judgment "[b]ecause the material facts relating to the personal jurisdiction issues were not in dispute"); *Atreus Communities Grp. of Ariz. v. Stardust Dev., Inc.,* 229 Ariz. 503, 507, ¶ 15, 277 P.3d 208, 212 (App.2012) (finding court did not err in not holding an evidentiary hearing "relating to the arbitrator's powers because neither party requested it and the documents submitted to the court did not present a genuine issue of material fact as to the arbitrator's power to grant summary judgment."). Accordingly, because there was a dispute of fact as to whether Husband actually signed the acceptance of service and Husband requested an evidentiary hearing on that issue, the court erred in issuing a ruling without conducting an evidentiary hearing.[7]

## III. ATTORNEYS' FEES

■ ¶ 27 Both parties request attorneys' fees on appeal pursuant to A.R.S. § 25–324 (Supp.2011), and Wife also requests her reasonable attorneys' fees for the underlying proceeding. We decline to award any attorneys' fees or costs in this matter either as it relates to the trial court proceedings or this appeal as such an award would be premature until the issue of personal jurisdiction is resolved. On remand, the trial court may, in its discretion, award attorneys' fees and costs based on the parties' relative financial positions and the reasonableness of their positions, both for the trial court proceedings and this appeal.

## CONCLUSION

¶ 28 For the foregoing reasons, we reverse the trial court's order and remand for an evidentiary hearing on whether Husband signed the acceptance of service.

---

6. We do not address whether a court should hold such a hearing *sua sponte* because Husband asked for an evidentiary hearing.

7. We note that this is not a situation in which two witnesses can have differing recollections of an incident. Either Husband signed the acceptance of service or he did not. Given both parties are licensed attorneys and both were present

when he allegedly signed the acceptance of service, if following the evidentiary hearing the court determines that one party has misstated the fact of signature to the court, the court should take appropriate steps to notify the State Bar of Arizona. *See* Arizona Rules of Professional Conduct 3.3, 8.3.

CONCURRING: ANN A. SCOTT TIMMER, Presiding Judge, and PATRICIA K. NORRIS, Judge.