NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

MICHAEL JAMES LOGAN,
*Petitioner/Appellant*,

*v.*

DAYNA LEE ANN LOGAN,
*Respondent/Appellee*.

No. 1 CA-CV 16-0764 FC
FILED 1-11-2018

Appeal from the Superior Court in Maricopa County
No. FN2015-001351
FN2015-091773
(Consolidated)
The Honorable Suzanne E. Cohen, Judge

**VACATED AND REMANDED**

COUNSEL

Bert L. Roos, Esq., Phoenix
By Bert L. Roos
*Counsel for Petitioner/Appellant*

Dayna Lee Ann Logan, Surprise
*Respondent/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge Patricia A. Orozco[1] joined.

---

**B R O W N**, Judge:

¶1        Michael Logan ("Husband") appeals the superior court's order denying his motion to set aside/amend the court's decree dissolving his marriage to Dayna Logan ("Wife").  Because the court erred in finding that the motion was not timely filed, we vacate the order and remand for further proceedings.

¶2        On the scheduled trial date, the parties alerted the superior court they had reached a verbal settlement agreement, which Husband's counsel explained on the record.  Both parties testified that (1) they understood the terms of the agreement and entered into it freely, without duress; and (2) the terms were fair and equitable.  The court found the agreement was fair and equitable and accepted the agreement as an enforceable, "binding agreement under Rule 69."  *See* Ariz. R. Fam. Law P. ("ARFLP") 69 ("Rule 69").  The court then ordered Husband's counsel to prepare a formal stipulation containing "the agreement of the parties dictated on the record."

¶3        More than two months later, Wife filed a proposed consent decree, explaining that her counsel mailed a draft consent decree to Husband's counsel for review and approval but "Husband has provided no written input, no objections and no proposed revisions to Wife's proposed [d]ecree."  Seventeen days later, Husband filed an objection asserting the decree "adds additional terms . . . that were not agreed upon and that materially change [Husband's] financial obligation."  The court denied Husband's objection as untimely pursuant to ARFLP 81, which requires objections to a proposed judgment be filed within five days.  *See* ARFLP 81(C).  The court filed the signed decree, as prepared by Wife's counsel, on August 18, 2016.

---

[1]       The Honorable Patricia A. Orozco, retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

**¶4** On September 2, 2016, Husband filed a motion to set aside, or alternatively, to amend the decree, asserting that without his consent, Wife added terms to the decree "inconsistent with the Rule 69 Agreement." Husband thus requested that the superior court review the Rule 69 Agreement and enter a decree consistent with its terms, but the court denied the motion as untimely. This timely appeal followed.

**¶5** Husband asserts the superior court improperly denied his motion, which we review on appeal for an abuse of discretion. *See Duckstein v. Wolf*, 230 Ariz. 227, 232, ¶ 8 (App. 2012). "A court abuses its discretion if it commits an error of law in reaching a discretionary conclusion, it reaches a conclusion without considering the evidence, it commits some other substantial error of law, or the record fails to provide substantial evidence to support the trial court's finding." *Id.* (internal quotation marks and citation omitted).

**¶6** Husband's motion was filed on September 2, 2016, 15 days after the court filed the final decree. Under ARFLP 83 and 85, his motion was timely. ARFLP 83(D) states that "[a] motion for a new trial shall be filed not later than fifteen (15) days after entry of the judgment." A motion to set aside filed under ARFLP 85 "shall be filed within a reasonable time," and "not more than six (6) months after the judgment or order was entered . . . ." ARFLP 85(C)(2). Thus, the court abused its discretion in denying Husband's motion based on timeliness.[2] We therefore remand for consideration of the merits of the motion. Regarding Husband's request

---

[2] We note that Wife has not argued, either in the superior court or on appeal, that Husband's filing was untimely.

for attorneys' fees incurred on appeal, we defer his request to the superior court pending the ultimate determination of the merits of Husband's motion.

