NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

CHRISTINE LEAH SHEMER, *Petitioner/Appellee*,

*v.*

PETER ANTHONY MENGHINI, *Respondent/Appellant*.

NON-PARTY TRUSTS AND FAMILY LLCs, *Appellees*.

No. 1 CA-CV 22-0005 FC
FILED 8-25-2022

Appeal from the Superior Court in Maricopa County
No. FC 2016-091275
The Honorable Marvin L. Davis, Judge

**AFFIRMED**

APPEARANCES

Peter Menghini, Scottsdale
*Respondent/Appellant*

Christine Shemer, Scottsdale
*Petitioner/Appellee*

Scottsdale Family Law PLLC, Scottsdale
By Claudia D. Work
*Counsel for Appellees, Non-Party Trusts and Family LLCs*

## MEMORANDUM DECISION

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Brian Y. Furuya and Judge Paul J. McMurdie joined.

C A M P B E L L, Judge:

¶1        Peter Menghini (Father) appeals from an order authorizing Christine Shemer (Mother) to sign documents on his behalf, pursuant to Rule 89 of the Arizona Rules of Family Law Procedure (Rules). Father contends the order was "based on lies." Because the record supports the family court's order, we affirm.

## BACKGROUND

¶2        This appeal arises out of proceedings to enforce a judgment, on remand, after the parties' appeal of their 2018 decree of dissolution. *See Menghini v. Menghini*, 1 CA-CV 19-0057 FC, 2020 WL 1026627 (Ariz. App. Mar. 3, 2020) (mem. decision). In that judgment, the court ordered Father to assign his membership interests in several limited liability companies (The Family LLCs) to two trusts operated for the benefit of the parties' children.[1]

¶3        To execute the assignment, the family court ordered Father to sign two partially executed documents within 30 days. Pursuant to the assignment documents, Father was obligated to transfer his membership interests to the two trusts, with the children's maternal grandparents designated as trustees.[2] Father refused to sign the documents, continuing to argue the children's grandparents should not be the trustees. Instead of complying with the court's decree, he executed different documents which would have assigned his membership interests to a different trust — one that named both parents as trustees.

¶4        Five months after entering the judgment, the family court granted Mother's Rule 89 motion, authorizing her to sign the original assignment documents on Father's behalf. *See* Ariz. R. Fam. Law P. 89(a).

---

[1]        The Family LLCs and the two trusts were joined on remand.

[2]        The documents had already been signed by the grandparents.

Following the entry of another final judgment, Father timely appealed, challenging the authorization orders.

**DISCUSSION**

**¶5**        Father appears to argue the authorization orders were not supported by the evidence.[3] Because the relevant facts are not disputed, we assume a de novo standard applies to our review.[4] *See Duckstein v. Wolf*, 230 Ariz. 227, 231, ¶ 8 (App. 2012) ("We review . . . questions involving the application and interpretation of court rules *de novo*.").

**I.        Rule 89 Orders**

**¶6**        In cases where a party fails to comply with a judgment, Rule 89 authorizes the family court to empower another person to act on the party's behalf:

> **A Party's Failure to Act; Ordering Another to Act.** If a judgment requires a party to convey land, to deliver a deed or other document, or to perform any other specific act and the party fails to comply within the time specified, the court may order the act to be done--at the disobedient party's expense-- by another person appointed by the court. When done, the act has the same effect as if done by the party.

Ariz. R. Fam. Law. P. 89(a). Here, the court ordered Father to sign two specific documents within 30 days. Father refused. These facts are undisputed. Father continues to argue about who should serve as trustees for the children's trusts. While that issue might have been germane in an

---

3        To the extent Father contends the family court erred by ruling without allowing or considering evidence, that argument is waived because he fails to develop it or to support it with citation to legal authority and the record. *See Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62 (App. 2009); *see also* ARCAP 13(a)(7). Father also contends opposing counsel should be "held accountable" for including untrue and misleading statements in the briefing on Mother's Rule 89 motion. This argument is also waived because Father did not raise it in the family court. *See Englert v. Carondelet Health Network*, 199 Ariz. 21, 26–27, ¶ 13 (App. 2000) (explaining issues raised for the first time on appeal are generally waived).

4        In his brief, Father fails to cite the applicable standard of review, in violation of ARCAP 13(a)(7)(B).

appeal from the original judgment ordering him to sign the documents, it is irrelevant to whether the court erred by authorizing Mother to sign the documents on his behalf.[5] Because Father failed to timely comply with the original judgment, the court did not err in authorizing Mother to sign the documents on his behalf pursuant to Rule 89.

## II.    Request for Award under A.R.S. § 12-349

¶7        Mother, the non-party trusts, and the Family LLCs (collectively, Appellees) request their attorney's fees and taxable costs incurred on appeal pursuant to A.R.S. § 12-349, contending Father "had no legal or factual basis" for his appeal and brought it solely to harass opposing counsel. *See* A.R.S. § 12-349(A)(1), (2). We need not decide whether Father filed this appeal solely to harass opposing counsel because his appeal lacked substantial justification. *See* A.R.S. § 12-349(A)(1). An appeal lacks substantial justification "when it is both 'groundless' and 'not made in good faith.'" *Takieh v. O'Meara*, 252 Ariz. 51, 61, ¶ 37 (App. 2021) (quoting A.R.S. § 12-349(F)). Father's appeal was groundless because, as explained above, he lacked any rational factual or legal basis to challenge the Rule 89 order. *See id.* ("A claim is groundless if the proponent can present no rational argument based upon the evidence or law in support of that claim." (quotation omitted)). Moreover, Father's appeal was brought in bad faith because, in his opening brief, he misrepresented the only facts relevant to resolution of this appeal, claiming he "executed all the required forms/documents." Because Father's appeal lacked substantial justification, we award the non-party trusts and Family LLCs their attorney's fees, and we award Appellees their taxable costs, pursuant to A.R.S. § 12-349(A)(1).[6] Because Father's appeal was rooted solely in a bad faith misrepresentation of the record, in our discretion, we also award Appellees double damages of not to exceed $5,000.00.

## CONCLUSION

¶8        For the reasons above, we affirm the family court's final judgment filed on November 8, 2021. Appellees are entitled to recover their taxable costs incurred on appeal as well as double damages, not to exceed $5,000.00, pending their compliance with ARCAP 21. The non-party trusts

---

[5]    To the extent Father challenges the original judgment, his appeal is untimely. *See* ARCAP 9(a) (requiring notice of appeal to be filed "no later than 30 days after entry of the judgment from which the appeal is taken").

[6]    Mother represented herself in this appeal.

and Family LLCs are also entitled to recover their reasonable attorney's fees incurred on appeal upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:   AA