NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

MATTHEW JUSTIN SMITH, *Petitioner*,

*v.*

THE HONORABLE JO LYNN GENTRY, Judge of the SUPERIOR COURT
OF THE STATE OF ARIZONA, in and for the County of MARICOPA,
*Respondent Judge,*

GRACE JOOKYUNG-AHN SMITH, *Real Party in Interest.*

No. 1 CA-SA 24-0060
FILED 4-9-2024

Petition for Special Action from the Superior Court in Maricopa County
No. FC2022-003960
The Honorable Jo Lynn Gentry, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED**

COUNSEL

Berkshire Law Office, PLLC, Tempe
By Keith Berkshire and Kristi Reardon
*Counsel for Petitioner*

Provident Law, PLLC, Scottsdale
By James P. Mueller and Tyler S. Stine
*Counsel for Real Party in Interest*

---

**MEMORANDUM DECISION**

---

Presiding Judge Paul J. McMurdie delivered the Court's decision, in which Judge Maria Elena Cruz and Judge Cynthia J. Bailey joined.

---

**M c M U R D I E**, Judge:

¶1 Matthew Justin Smith ("Father") seeks special action relief from the superior court's modified temporary orders in his marital dissolution proceeding. We grant review and relief, ruling that the superior court erred by (1) treating the motion for temporary orders as an emergency motion under Arizona Rule of Family Law Procedure ("Rule") 48 when the motion did not cite the Rule or allege grounds justifying an order without notice; (2) not specifying any imminent irreparable injury nor explaining why it granted the orders without notice; and (3) failing to set a hearing within ten days after granting the motion under Rule 48. We vacate the modified temporary orders and remand for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

¶2 Father and Grace Jookyung-Ahn Smith ("Mother") have one five-year-old daughter in common. In 2022, Father petitioned for the dissolution of their marriage. In response to the dissolution petition, Mother requested to relocate with the child to Chicago, and Father objected. The parties agreed on temporary orders for legal decision-making and parenting time, and the superior court vacated the calendared temporary orders hearing. Per the stipulated temporary orders, the parties conducted parenting time in Arizona on a "week-on/week-off basis," with exchange dates on Wednesdays.

¶3 In February 2024, Mother filed an "Expedited Motion to Modify Temporary Orders Re Parenting Time." Mother requested to change the exchange dates to Saturdays and to exercise her parenting time in Chicago. Mother included "(Expedited Consideration Requested)" in the caption and explained that:

> Mother seeks expedited consideration of this matter due to the changed circumstances and that it is not in the child's best interests to go considerable time without seeing Mother after the parties have been on an equal, one week on/one week off,

<u>with Wednesday afternoon exchanges, for nearly eighteen
(18) months</u>, and Father is refusing to allow the minor child
to travel to Illinois for Mother's birthday on February 27th,
despite Mother having supported Father's travel to his
hometown in Ohio with minor child for his birthday last fall.

¶4        Five days later, before the time to file a response had elapsed
and without a hearing, the court granted the motion. *See* Ariz. R. Fam. Law
P. 35(a)(3). The court reasoned:

Mother reportedly asked Father to switch the exchange day
from Wednesday to Saturday because Mother relocated to
Chicago, IL and a Wednesday exchange is no longer feasible.
Without the switch, it appears Mother is not able to exercise
her full parenting time. Father reportedly does not agree to
switch the exchange day.

Granting Mother's request on a temporary basis will not
negatively impact Father's allotted time. The parties have a
trial scheduled June 5, 2024.

IT IS ORDERED modifying the exchange date to Saturday.
Mother may exercise her parenting time in Illinois or Arizona.

¶5        Father petitioned for special action, arguing that the court's
failure to allow Father to be heard violated due process.

## DISCUSSION

**A.    We Accept Special Action Jurisdiction.**

¶6        This court may accept special action jurisdiction when the
petitioner has no "equally plain, speedy, and adequate remedy by appeal."
Ariz. R.P. Spec. Act. 1(a). Special action jurisdiction is appropriate "if the
issue is of statewide significance, a matter of first impression, or a pure
question of law." *State v. LaBianca*, 254 Ariz. 206, 209, ¶ 5 (App. 2022).

¶7        The parties do not dispute that "whether the trial court was
required to provide Father with notice and an opportunity to be heard
before entering a parenting time order" is a purely legal issue. We accept
special action jurisdiction because "temporary orders are not appealable,
and the case raises issues of . . . statewide importance." *Phillips v. Schwartz*,
255 Ariz. 249, 251, ¶ 7 (App. 2023); *see also Gutierrez v. Fox*, 242 Ariz. 259,
264, ¶ 12 (App. 2017). We review the interpretation of statutes and

procedural rules *de novo. Duckstein v. Wolf*, 230 Ariz. 227, 231, ¶ 8 (App. 2012); *Merrill v. Merrill*, 230 Ariz. 369, 372, ¶ 7 (App. 2012).

**B.     The Superior Court Erred by Granting Mother's Motion for Temporary Orders Without Providing Father an Opportunity to be Heard.**

**¶8**     The superior court did not establish under what authority it granted Mother's motion. Rule 47 generally governs motions for temporary orders, though Rule 48 provides an accelerated process for courts to issue "emergency temporary orders." *See* Ariz. R. Fam. Law P. 47, 48.

**¶9**     Ordinarily, under Rule 47(c)(2), "if a party files a pre-decree motion for a temporary order requesting legal decision-making or parenting time, the court must hold an evidentiary hearing" unless the moving party waives that requirement. But Mother did not waive the hearing requirement in her motion, nor did she ask to proceed without one. Instead, she only requested "expedited consideration." Rule 47(h) addresses requests for expedited hearings, providing that "[t]he court may consider and decide a request for an expedited hearing without waiting for a response or holding oral argument." But although Rule 47(h) authorizes the court to decide on the *request* for an expedited hearing without waiting for a response, it does not authorize the court to grant or modify a temporary orders motion and issue the orders without a response, nor does it remove the hearing requirement. *See* Ariz. R. Fam. Law P. 47(h). Thus, the superior court's actions were not authorized by Rule 47.

**¶10**     Next, we consider Rule 48. Different provisions under Rule 48 provide the procedure for emergency temporary orders "With Notice" and "Without Notice." *Compare* Ariz. R. Fam. Law P. 48(a) *with* Ariz. R. Fam. Law P. 48(b). Rule 48(a) authorizes the court to "set the matter for an accelerated hearing," but it does not permit the court to rule on the motion without a hearing or response. *See* Ariz. R. Fam. Law P. 48(a). Thus, the "Without Notice" procedure under Rule 48(b) provides the only way a court may, as here, grant or modify a motion for temporary parenting time orders without a hearing or response by the other parent. *See* Ariz. R. Fam. Law P. 48(b).

**¶11**     Motions for temporary orders under Rule 48(b) must "clearly show[] by specific facts that if an order is not issued before the adverse party can be heard, the moving party or a minor child of the party will be irreparably injured." Ariz. R. Fam. Law P. 48(b)(1)(A). Mother's motion did not allege a risk of irreparable injury nor explain why a ruling before

Father's response was necessary to avoid an irreparable injury. Instead, Mother "[made] this request because she recently received an excellent opportunity to work in an executive level supervisory dental field position in Chicago" and wanted an expedited ruling partly to resolve the matter before her birthday at the end of the month.

¶12 Moreover, even if Mother's allegations were enough to comply with Rule 48(b)(1)(A), "[t]emporary orders without notice must specify the injury, loss, or damage and why it is irreparable, and state why the court granted the orders without notice." Ariz. R. Fam. Law P. 48(b)(2). The court's order provided no such finding or explanation. Failure to do so was error.

¶13 Finally, "[u]pon entry of a temporary order without notice, an evidentiary hearing must be set on the motion not later than 10 days after the order's entry, unless the court extends the time for good cause." Ariz. R. Fam. Law P. 48(b)(3). The 10-day rule exists because "[d]ue process entitles a party to notice and an opportunity to be heard at a meaningful time and in a meaningful manner." *See Curtis v. Richardson*, 212 Ariz. 308, 312, ¶ 16 (App. 2006); *see also Volk v. Brame*, 235 Ariz. 462, 468, ¶ 21 (App. 2014) ("When the court allows *no* time to hear testimony, or when the time available for each necessary witness does not allow for meaningful direct testimony and efficient but adequate cross-examination, the court violates the parties' due process rights."). The superior court did not set a hearing under Rule 48(b)(3). It did not allow Father to present evidence, confront witnesses, or even respond to Mother's allegations. We vacate the order because the superior court's order violated Father's due process rights. *See Curtis*, 212 Ariz. at 312, ¶ 16.

**C.     Mother's Position in the Special Action Is Unreasonable, So We Award Attorney's Fees to Father.**

¶14 Both parties request attorney's fees and costs under A.R.S. § 25-324 and ARCAP 21. Section 25-324(A) requires we consider "the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings" before ordering a party to pay attorney's fees. We have done so.

¶15 Mother argues that the court did not err by granting her motion without a response or hearing from Father. But she does not mention Rule 48, nor does she cite any Rule under which the court could have denied Father notice and an opportunity to be heard. She only argues that the court could issue the temporary orders "because the superior court

5

noted reasons why an imminent ruling was necessary." She claims that the court found that Mother could not exercise her parenting time without the switch and that Father's parenting time would not be negatively impacted.

¶16         First, we reject Mother's characterization of the superior court's minute entry. The court stated that "Mother *reportedly* asked Father to switch the exchange day...," "Father *reportedly* does not agree to switch," and that "[w]ithout the switch, it *appears* Mother is not able to exercise her full parenting time." (Emphasis added.) Thus, the court recorded the circumstances as Mother alleged rather than making findings. And nowhere does the court provide, as Mother claims, "reasons why an imminent ruling was necessary."

¶17         Second, we note that none of these supposed findings are what is required under A.R.S. § 25-316(C). Under the statute, the court may issue a temporary order without notice only if it finds "that irreparable injury will result to the moving party or a minor child of the parties if an order is not issued until the time for responding has elapsed." A.R.S. § 25-316(C). The court did not mention irreparable injury. Nor did the court explain why it was necessary to issue an order before the time for Father's response had elapsed. It is mystifying how Mother can argue that it was proper for the court to rule on her motion early without a response, but Father must wait to challenge the temporary orders because "trial is only about 10 weeks away."

¶18         Mother's position on appeal is unreasonable. We agree with Father that "Mother had the choice when submitting her Response of acknowledging the error so that it could be promptly rectified." Because Mother's position was unreasonable, we award Father his reasonable attorney's fees under A.R.S. § 25-324(A). Father is also entitled to appellate costs upon compliance with ARCAP 21 as the prevailing party.

## CONCLUSION

¶19         We accept jurisdiction and grant relief. We vacate the modified temporary orders and remand for further proceedings.

