NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

DIANA JUNE HENDERSHOT, *Petitioner/Appellee*,

*v.*

JOSEPH PATRICK WHYTE, *Respondent/Appellant*.

No. 1 CA-CV 24-0636 FC

FILED 07-24-2025

Appeal from the Superior Court in Maricopa County
Nos.  FC2018-054263, FC2018-095360 (Consolidated)
The Honorable Lisa C. Boddington, Judge

**AFFIRMED**

COUNSEL

Charles A. Kellers PLLC, Scottsdale
By Charles A. Kellers
*Counsel for Petitioner/Appellee*

Joseph Patrick White, Howell
*Respondent/Appellant*

Arizona Attorney General's Office, Tucson
By Jennifer R. Blum
*Counsel for Real Party in Interest Arizona Department of Economic Security*

---

**MEMORANDUM DECISION**

Judge Andrew M. Jacobs delivered the decision of the Court, in which Presiding Judge D. Steven Williams and Judge Michael S. Catlett joined.

---

**J A C O B S**, Judge:

**¶1**        Joseph Patrick Whyte ("Father") appeals the superior court's denial of his motion under Arizona Rule of Family Law Procedure ("Rule") 85, which asked the court to vacate its May 2024 child support order. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

**A.    The Court Awards Mother Sole Legal Decision-Making, Joint Parenting Time, and Child Support.**

**¶2**        In 2018, Diana June Hendershot ("Mother") petitioned for paternity, legal decision-making, parenting time, and child support. Mother and Father have one child, B.W., born in 2016. After a 2019 trial, the court awarded Mother sole legal decision-making authority and $774 in monthly child support. It also awarded Father some parenting time, to be supervised until Father completed court-mandated programs and their recommendations.

**B.    The Court Finds Father in Contempt, Modifies Child Support, and Orders Father to Pay Overdue Child Support.**

**¶3**        In 2020, Mother petitioned the court to find Father in contempt for non-payment of child support. Meanwhile, Father petitioned to modify legal decision-making, parenting time, and child support.

**¶4**        In January 2021, the court found Father in contempt for failing to pay child support and denied his petition to modify parenting time and legal decision-making, for failure to show a change in circumstances. But the court found the parties' financial circumstances had changed, justifying an increase in Father's child support obligation to $922.

**¶5**        In March 2022, Mother petitioned the court for a second time to find Father in contempt for non-payment of child support. Mother alleged Father owed $2,766 in past due child support. Father filed motions

and sought discovery.  After a hearing, the court found Father violated the child support orders, ordered him to pay $1,500 to the clerk of the court, and ordered him to pay an additional $150 per month to Mother in overdue child support.

### C. The Court Again Finds Father in Contempt for Non-Payment of Child Support and Modifies Child Support.

¶6 In September 2022, Mother notified the court Father was again behind on child support.  Father then petitioned the court to modify child support, asking to have Mother pay him monthly child support.  In February 2023, the court found Father in contempt for failing to pay child support and affirmed the monthly child support owed was $922.  The court stated it was granting Father's petition to modify but in substance denied it by increasing Father's monthly child support obligation to $1,103 plus $150 in child support arrearage.

### D. When Father Petitions to Reduce Child Support for a Third Time, the Court Rejects Mother's Arguments to Increase Support, Leaving Support Unchanged.

¶7 In July 2023, Father again petitioned to modify child support, seeking a reduction in his monthly support obligation to $425.  Mother registered for Title IV-D services under the Social Security Act for child support enforcement as Father was repeatedly found noncompliant.  The superior court held Title IV-D modification hearings on the petition on February 21 and May 1, 2024.

¶8 The court again stated it was granting Father's petition but in substance denied it, rejecting his claim that child support should be reduced.  The court attributed Father's income at $75,000.00 annually and Mother's income at $121,423.49.

¶9 When evaluating Father's income, the court noted Father's income had decreased by about $30,000 but found Father had been unemployed periodically in 2023 and that he was capable of "earning much more than the $18 per hour he is now requesting to be attributed with." (Footnote omitted).  The court also found Father's Affidavit of Financial Information ("AFI") indicated his gross income was $24,597.61, which was contrary to his bank statements and his July 23, 2023 petition, which stated his income was $75,000.  The court found Father's income to be $75,000.

¶10 The court found Mother's income had increased approximately $13,000 based on her AFI.  The court also noted that Mother

"receive[d] dividends from [a] trust, that being a year-to-date amount of $7,913.26." The court then found Mother's income to be $121,423.49 and declined to attribute income to Mother from her rental properties as Father previously did not dispute that the rental income resulted in a negative cash flow in the February 2023 modification hearing.

¶11     The court considered several factors before ruling on the child support modification. It found Father had not had parenting time since June 2022. It found "Mother provides medical, dental and vision insurance for the child[,]" amounting to $96.70 per month, which Father did not dispute. While Mother claimed $1,529 in third party childcare costs per month, Father objected to that amount as excessive, and the court attributed $1,352 per month to Mother in childcare costs. The court declined to give Father credit for his other two children because of undisputed evidence he was not currently providing support for them. Utilizing the child support guidelines, the court found Father's support obligation could increase to $1,224. But the court exercised its discretion and declined to increase support, affirming the prior order's $1,103 monthly obligation after considering Father's financial difficulties and the child's well-being.

### E.     Father Moves Under Rule 85 for Relief from the Child Support Order.

¶12     After the court's ruling, Father retained counsel and moved under Rule 85 for relief from the child support orders. Father asked the court to "vacate and modify" portions of the orders because: (1) the court incorrectly considered the evidence, specifically that Father's income had declined as a result of his "mental health issues"; (2) the court did not provide a child support worksheet with the child support order; and (3) Mother perpetrated fraud and misconduct by failing to respond to Father's discovery requests and misrepresenting her finances. Father asked the court to order Mother to provide discovery and disclosure and then to re-calculate child support to accurately reflect the parties' incomes.

¶13     Mother argued Father's Rule 85 motion had no merit. She contended: the court did not err by weighing the evidence; it had correctly calculated the parties' income; a child support worksheet was filed with the child support order; and Father's income had not declined since he began struggling with his mental health in 2021.

¶14     The court denied the motion without stating grounds. Father filed motions and notices seeking additional relief, which the court denied.

**¶15** Father timely appealed the denial of his Rule 85 motion. We have jurisdiction. Ariz. Const. art. 6, § 9; A.R.S. §§ 12-120.21(A)(1), -2101(A)(1).

## DISCUSSION

### I. The Superior Court Did Not Err By Denying Father's Rule 85 Motion.

**¶16** Rule 85 allows a party to move for relief from a judgment. Ariz. R. Fam. Law P. 85(b). The court may grant relief from judgment for many reasons, including fraud, misrepresentation, misconduct, or any other reason justifying relief. Ariz. R. Fam. Law P. 85(b)(3), (6). The movant must establish the grounds for relief. *Caswell v. Caswell*, 255 Ariz. 356, 359 ¶ 15 (App. 2023) (citing *Duckstein v. Wolf*, 230 Ariz. 227, 230 ¶ 5 (App. 2012)). We review the denial of a Rule 85 motion for abuse of discretion. *See Duckstein*, 230 Ariz. at 231 ¶ 8. The court abuses its discretion if it "commits an error of law in reaching a discretionary conclusion, . . . reaches a conclusion without considering the evidence, . . . commits some other substantial error of law, or the record fails to provide substantial evidence to support" the court's findings. *Id.* (cleaned up).

**¶17** Father argues the superior court erred by denying his Rule 85 motion because it (1) ignored fraud and discovery violations and (2) was biased and engaged in misconduct toward him. We see no error.

### A. Father Alleges Mother Committed Fraud and Discovery Violations.

**¶18** Father argues the court erred by denying his motion because Mother committed fraud and discovery violations, which made the court's child support order error. *See* Ariz. R. Fam. Law P. 85(b)(3), (6). He claims Mother concealed real estate sales, bank accounts and investment income, and real estate rental income, thus violating Arizona Rule of Civil Procedure 26.1 and A.R.S. § 25-324. These claims are unpersuasive.

**¶19** *First*, we reject Father's argument that Mother worked a fraud on the court relating to trust income she derived from real estate previously held by her mother. Because Father did not provide this Court with the hearing transcripts, we must presume the record supports the court's findings as to Mother's income. *See J.F. v. Como*, 253 Ariz. 400, 406 ¶ 31 (App. 2022). Mother's AFI, which she disclosed to Father and which was admitted into evidence, reports dividends to her from a Merrill Lynch account. The court's order expressly accounted for Mother's receipt of

5

$7,913.26 of income in the first four-plus months of 2024 from her mother's trust. Father nonetheless argues Mother sold four pieces of real estate since 2019, and that Mother did not disclose the income from these sales to him or the court. But Father did not provide proof of these sales to the superior court. These allegations, without evidence, do not provide any basis for us to conclude that the superior court abused its discretion in accounting for Mother's income from her mother's properties.

¶20  We recognize that Father's Rule 85 motion claims he was prevented improperly in discovery from obtaining this information. But as support, his motion merely attached two e-mails from August 2023 requesting the information. The superior court later found – in December 2023 – that Mother provided sufficient disclosure. Father's Rule 85 motion does not explain why that ruling was an abuse of discretion, nor does it attach materials allowing us to evaluate that assertion. For that reason, Father has not shown the court abused its discretion in how it resolved this issue.

¶21  *Second,* for similar reasons, we reject Father's argument that Mother concealed, and the superior court failed to consider, certain bank accounts and investment income. Again, Father provided no proof Mother had these accounts with his Rule 85 motion. He suggests without support that Mother had seven bank accounts she had either partially disclosed or not disclosed. But Mother's AFI supports the court's child support ruling, as her tax documents expressly list some of the accounts Father contends she concealed. Again, the superior court expressly considered Mother's income in its order and without the trial transcripts we must presume the record supports the superior court's calculation of Mother's income. *See J.F.,* 253 Ariz. at 406 ¶ 31.

¶22  *Third*, Father argues Mother concealed from the court real estate income from her rental properties. But the court declined to impute income to Mother from the rental properties because at the February 2023 hearing Father did not dispute that her rental properties produced "a negative cash flow[.]" The superior court declined to revisit this issue in the modification hearing, given the lack of prior dispute. Father's concession on this issue, which he does not address on appeal, suffices to resolve it. Moreover, Mother disclosed this income in her AFI, which the court considered. And again, we presume the transcripts would support this finding. *See id.*

¶23  Father has not demonstrated fraud or any other ground justifying relief from the child support order. *See* Ariz. R. Fam. Law P.

85(b)(3), (6). Accordingly, the superior court did not abuse its discretion by denying Father's motion.

### B.     Father's Appeal Does Not Include Charges of Judicial Bias or Misconduct.

**¶24**        Father asks us in his appellate brief to review allegations of bias and misconduct against the superior court judge who signed the final order denying his Rule 85 motion. But our appellate review is limited by the scope of Father's notice of appeal. ARCAP 8(c)(3); *Desert Palm Surgical Grp., P.L.C. v. Petta*, 236 Ariz. 568, 576 ¶ 15 (App. 2015) ("As a general rule, our review is limited to matters designated in the notice of appeal[.]"). Father's July 29, 2024 notice of appeal only appealed the denial of the Rule 85 motion, and Father did not raise judicial bias or misconduct in that motion. Accordingly, Father's claims of bias are not before us. *See Roebuck v. Mayo Clinic*, 256 Ariz. 161, 166 ¶ 16 (App. 2023).

## II.    We Deny Father's Motions and Award Mother Sanctions Under ARCAP 25.

**¶25**        Father filed three motions for sanctions in this Court, seven motions or notices to supplement the record on appeal, and a motion to strike one of Mother's replies. We resolved one motion for sanctions and one motion to supplement by order before this decision.[1] We welcome unrepresented parties, but we also hold them to the same standards as counsel in ruling on their arguments. *See Flynn v. Campbell*, 243 Ariz. 76, 83-84 ¶ 24 (2017). Here, that leads us to order the payment of reasonable

---

[1] Father's remaining motions are: (1) Appellant's Motions for Sanctions or, in the Alternative, Referral for Professional Misconduct; (2) Second Motion for Sanctions, Bar Referral and Request for Corrective Relief Due to Misrepresentation of Record Completeness and Evidentiary Destruction; (3) Notice of Supplemental Record Evidence and Request for Consideration; (4) Notice of Cross-Case Witness Involvement, Pattern of Interference, and Request for Judicial Notice and Remedial Action; (5) Respondent's Motion to Supplement the Record; (6) Notice of Supplemental Authority in Support of Motion to Supplement Record and Vacate Under Rule 85; (7) Notice of Supplemental Authorities Regarding Custody; (8) Appellant's Motion to Strike or Disregard Appellee's Improper Reply and Renewed Request to Admit Supplemental Authorities Regarding Custody; and (9) Notice that Briefing is Complete and Appellee's July 8 Filing Is Improper.

attorneys' fees to Mother under ARCAP 25 for responding to Father's motions, for the reasons we next explain.

### A.  Father's Motions for Sanctions

**¶26**        Father moved for sanctions against Mother and her counsel, arguing they have engaged in fraud and misconduct by concealing financial information and misrepresenting the completeness of the record.  But the record lacks support for these sweeping claims of fraud.  Father did not provide the superior court with proof that Mother concealed financial information.  To the contrary, Mother's AFI provided evidentiary support for some of the specific rulings with which Father disagrees.  And because Father did not order transcripts, *see* ARCAP 11(b)-(c), he triggered the presumption that the hearing record supports Mother's proofs.  *See J.F.*, 253 Ariz. at 406 ¶ 31.  These motions were thus not supported by evidence or law.

### B.  Father's Proposed Supplementations

**¶27**        Father also filed motions and notices of further developments he argues are relevant to this appeal, attaching documents not in the record. We are mindful of the need to consider the full record in ruling on Father's appeal of the child support order at issue.  But the supplemental matters are not properly before us as they do not relate to Father's appeal of the court's denial of his Rule 85 motion.  *See* ARCAP 8(c); *Desert Palm*, 236 Ariz. at 576 ¶ 15.  These supplements include filings which postdate the court's denial of Father's Rule 85 motion, financial documents not admitted into the record, and matters related to legal decision-making and parenting time, such as family photos and documents pertaining to the child's well-being, which were not the subject of the Rule 85 motion.  And to the extent Father would supplement the record with exhibits the superior court did not admit in evidence, we must presume, in the absence of the transcripts, that they were properly not admitted.  *See J.F.*, 253 Ariz. at 406 ¶ 31.

### C.  Father's Motion to Strike Mother's Reply

**¶28**        Father moved to strike Mother's Response to his Notice of Supplemental Authorities Regarding Custody arguing the reply was improperly filed.  But as Father recognizes, Mother's reply was to Father's response to her request for sanctions and motion to strike his notice, which makes it authorized by ARCAP 6(a)(3). Although Mother's requests were contained in her response to Father's notice, which would be procedurally improper in the superior court, no such separate filing requirement applies here.  *Compare* Ariz. R. Civ. P. 11(c)(3)(A) *and* Ariz. R. Fam. Law P.

26(c)(3)(A) (requiring motions for sanctions to be filed separately), *with* ARCAP 6 (containing no such requirement).

### D. Mother's Requests for Sanctions and Motion to Strike

**¶29** Mother responded to Father's motions for sanctions and his supplementation motions, excepting two motions we ruled upon before a response was due. Mother requests sanctions under ARCAP 25 for having to respond to Father's frivolous filings and asks us to strike one of Father's notices. Father's notices and motions are frivolous as they are not grounded in law. *See Ariz. Tax Rsch. Ass'n v. Dep't of Revenue*, 163 Ariz. 255, 258 (1989) (defining frivolous filings as those filed for an improper purpose or indisputably without merit). Thus, we grant Mother's request and award her reasonable attorneys' fees and costs for responding to these motions under ARCAP 25, subject to her compliance with ARCAP 21. We deny Mother's motion to strike as moot.

### CONCLUSION

**¶30** For the foregoing reasons, we affirm. In our discretion, after considering the reasonableness of the parties' positions and resources, we award Mother her attorneys' fees for this appeal under A.R.S. § 25-324, subject to her compliance with ARCAP 21. *See* A.R.S. § 25-324(A).



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR

9